## MOORE v. BRADFORD.

1. When no special venue is disclosed in an action on a bill of exchange, the place of drawing will be inferred, on demurrer, to be that stated in the margin of the declaration.

2. When a verdict is found, the correctness of its amount can not be enquired into upon a writ of error.

3. Inland bills of exchange carry damages, when protested for non-acceptance, by virtue of the statutes.

4. The entering of a *nolle prosequi* to the last count of a declaration, does not carry with it the breach of the contract, which is assigned at the end of the declaration.

Writ of error to the Circuit Court of Talladega.

ASSUMPSIT by the indorsee, against the drawer of a bill of exchange, for 6100 dollars. The declaration contained two counts; the first, alleging the non-acceptance of the bill, protest and notice; and the second, the non-payment, as well as the non-acceptance with averments of protest and notice. Each count was demurred to, and after demurrer, the plaintiff entered a *nolle prosequi* as to the second count. The first count alleges, no special venue as the place where the bill was drawn, but after stating its date, avers, that the defendant *then* and *there*, drew his bill of exchange. The county of Talladega, is mentioned in the margin of the declaration. The bill is drawn on a commercial firm in the city of Mobile, and the allegations of the Court show a presentment for acceptance, refusal, protest and notice to the defendant. In stating the liability of the defendant for damages, it avers that by the usage and customs of merchants, the defendant became liable, &c.

The Court overruled the demurrer, and the cause was submitted to a jury, which returned a verdict for the plaintiff, on which judgment was given.

The defendant prosecutes his writ of error and insists here,

1. The demurrer ought to have been sustained.

2. That by entering the *nolle prosequi*, as to the second count, no sufficient breach of the contract remained in the declaration.

3. That judgment was rendered for damages when none were allowed by law.

W. B. MARTIN, for the plaintiff in error.

CHILTON, contra.

GOLDTHWAITE, J.—1. The chief objection to this declaration, is that it does not sufficiently appear where this bill of exchange was drawn, so as to enable the Court to determine whether it is inland or foreign, which the plaintiff in error insists is necessary, as the statute gives a different rule for damages in either case. This is a matter which cannot well become a question on demurrer, as the bill will be presumed to be drawn at the place stated as the venue of the declaration, and is therefore shown to be an inland bill.

2 and 3. The cause having been determined upon an issue, the amount of the verdict cannot be questioned on error: Moor v. Coolidge, 1 Porter, 280; but if it could, we have no doubt that damages are allowed by our statutes upon the protest of an inland bill of exchange for non-acceptance: Aik. Dig. 328, § 5.

4. The *nolle prosequi* upon a second count, did not so operate as to strike out the breach of the contract, even if that is to be considered as attached to that count, instead of applying equally to both.

The judgment is affirmed.