# Sonneborn *v.* Bernstein.

### *Action for Slander.*

1. *Sufficiency of complaint in statement of time.* — In an action for slander, commenced on the 30th day of September, 1871, an averment in the complaint that " said words were spoken in the year 1871," shows with sufficient certainty that they were spoken before the commencement of the suit.

2. *Sufficiency of assignment of error.* — An assignment of error in these words, " The court erred in the several rulings and failures to rule on questions of evidence, as shown by the bill of exceptions," is too general and indefinite; but in this case, the deficiency of the assignment being supplied by the brief of the appellant's counsel, the questions raised in the brief were considered and decided.

3. *Presumption in favor of judgment.* — If a witness, testifying to the speaking of the slanderous words charged, is uncertain as to the precise time at which they were spoken, and it does not clearly appear whether they were spoken before or after the commencement of the action, and the evidence is admitted by the court " for the purpose of sustaining the complaint and also increasing the damages,"

[Sonneborn v. Bernstein.]

this it not a reversible error, since error must be affirmatively shown, and the evidence would be admissible for both purposes, if the words were spoken before the commencement of the suit.

4. *Words spoken after suit brought.* — Words spoken after the commencement of the suit, similar to those charged in the complaint, are admissible as proof of malice.

5. *Impeaching witness.* — A witness may be impeached by contradicting his testimony as to a particular statement made by him out of court, if that statement be material.

6. *Sustaining impeached witness.* — When a witness is impeached, not by proof of contradictory statements made by him, but by showing that his general character for truth is bad, his testimony may be corroborated by showing that, prior to the commencement of the action, he made statements out of court uniform and consistent with his testimony in court.

7. *Error without injury in admission of evidence favorable to party objecting.* — When the plaintiff brings out evidence which tends to sustain the defendant's case, and the defendant moves to exclude it, the overruling of his motion is not an error of which he can complain.

8. *Practice on trial of issue as to veracity of witness.* — On the trial of an issue respecting the veracity of a witness, much must be left to the sound discretion of the primary court, and the appellate court will not reverse on account of its rulings, unless it clearly appears that the appellant was thereby deprived of some important legal right in the case.

APPEAL from the City Court of Eufaula.
Tried before the Hon. E. M. KEILS.

BUFORD & DENT, for appellant.

SHORTER & BROTHER and JOHN COCHRAN, *contra*.

PETERS, J. —This is an action for *verbal slander.* It was commenced on the 30th day of September, 1871. The complaint pursues the form found in the Schedule of Forms given in the Revised Code, except that it does not state the day and the month in which the words alleged were spoken. The statement of the time of speaking the words is in this language, to wit : " Said words were spoken in the year 1871." The complaint is demurred to. The specification of the cause of demurrer is stated in these words : " The time laid in the declaration was too indefinite and uncertain, and that everything in the complaint might be true, and still the plaintiff would have no cause of action against the defendant at the commencement of the suit, because all the slanderous words might have been uttered *after* the suit was brought." This demurrer was overruled by the court ; and, I think, properly. This objection seems to be rather plausible than sound. Though the time is not technically alleged, yet it sufficiently appears that the words *were already* spoken when the action was commenced. Their grammatical interpretation necessarily leads to this construction. They were spoken in the year 1871. Their utterance was an accomplished fact before the action was commenced. The language of the complaint can-

not be construed to refer to language to be spoken, and not then uttered. No construction of the time will allow this without changing the past to the future tense. This is not allowable. The court is to be governed by common sense in the construction which it places on even an indefinite allegation. At the same time, the allegation might have been more definitely and perspicuously made. It presents a material issue as to the time of the utterance of the slanderous words, which can be traversed. This is enough. Rev. Code, § 2629. It would scarcely be a sufficient answer to such a complaint, to plead that the defendant did not speak the words alleged until after the commencement of the suit, to wit, on the 1st day of October, 1871, or on some other day *post litem motam*. Necessarily the language used must refer to words spoken in the year 1871, before the suit brought. It could not refer to words not then uttered.

2. The second assignment of error is quite uncertain. It does not state concisely " in what the *error* consists." This is the requisition of the Rule of Practice in this court. Rule 1, Rev. Code, p. 816. The assignment is in the following words : " The court erred in the *several* rulings and failures to rule on questions of evidence, as shown by the bill of exceptions." This may comprehend one or any number of errors ; and this court may be left to hunt them up as best it may. As a general rule this will not be done. 1 Brick. Dig. p. 102, § 279 *et seq.* But in this case, the brief of the learned counsel for the appellant has supplied the deficiency of the assignment ; and the questions raised in the brief will be considered, so far at least as may be necessary to give the appellant the full benefit of his bill of exceptions.

3. The first objection was to the testimony of Pace. This witness does not fix with certainty the time when the slanderous words he refers to were spoken. If they were spoken before the 30th day of September, 1871, then the testimony was evidence of the words complained of, which was evidence " sustaining the complaint," and also of the damages. The evidence does not show with certainty that these words were spoken after suit brought. The presumption is in favor of the ruling of the court. Error must be affirmatively shown. 43 Ala. 542 ; 40 Ala. 557 ; 31 Ala. 59, 164, 234. This is not done in this instance, and the objection cannot be sustained.

4, 5. The second objection refers to the attempt by the plaintiff to impeach the veracity of Ruder, a witness for the defendant. This witness was asked, on cross-examination by the plaintiff, if he did not tell him " that the defendant had been abusing him," in front of plaintiff's place of business in Eufaula, in August, 1871. This Ruder denied. The plaintiff

[Sonneborn v. Bernstein.]

then, being examined as a witness for himself, testified that Ruder had told him that the defendant had been abusing him as above stated. The defendant objected to this as irrelevant. The evidence of abuse, even *post litem motam*, was competent as proof of malice. 2 Greenl. Ev. 410, 418; 3 Phil. Ev. (C. & H. & E. notes) p. 560, 561 ; 2 Stark. on Slander, 47, 53. It was, therefore, relevant, and it justified the impeachment of the defendant's witness, if he testified falsely about it. There was no error, then, in permitting this impeachment in this way, by disproving his denial. 1 Greenl. Ev. § 461.

6. In the objection as to the witness Reubenstein there seems to be more difficulty. This witness was called for the plaintiff. The defendant had offered evidence tending to impeach his veracity, by showing that he was a person of general bad character for truth. In Reubenstein's testimony he had deposed that he had told the plaintiff, before the suit had been commenced, that the defendant had been " telling his customers that the plaintiff was a thief and a swindler, and would get everything they had." To support the veracity of this witness, the plaintiff was allowed to depose that " the said Reubenstein had told him the facts " to which he had testified before the suit had commenced. There was no evidence that Reubenstein had ever made any contradictory statement about what he had sworn he had told the plaintiff. The defendant objected to this evidence in support of Reubenstein's veracity ; and the court overruled the objection, and the defendant excepted. There was no error in this. It was certainly some evidence to the credit of Reubenstein that he had been uniform and consistent in his statement of the same fact. Though such evidence may be very slight, it is not wholly irrelevant, as evidence of the veracity of the impeached witness. *Henderson* v. *Jones*, 10 Serg. & R. 322 ; *Cook* v. *Curtis*, 6 Har. & Johns. 93 ; *Coffin* v. *Anderson*, 4 Blackf. 395 ; *The State* v. *George*, 8 Ired. 324 ; *Dossett* v. *Miller*, 3 Sneed, 72 ; *Pleasant* v. *The State*, 15 Ark. 624. This case is unlike *Nichols* v. *Stewart*, settled in this court in 1852. In that case the witness had made contradictory statements of the same facts, and his letter was offered, which corroborated his evidence in court, to sustain him. This was not permitted. 20 Ala. 358. Certainly, consistency in the statement of the same facts is evidence of veracity. See *Wihen* v. *Law*, 3 Stark. R. 63 ; 14 E. C. L. R. 3.

7. Upon the issue whether Reubenstein (plaintiff's witness) was a truthful witness or not, which arose on his impeachment, Ruder was one of the impeaching witnesses for the defendant ; and he was asked, on cross-examination, " to state whom he 'd heard talking about said Reubenstein." Ruder answered, that

he did not remember all the persons he had heard talking about him, but that he remembered he had heard " Mr. Patterson, city marshal, talking about him, and saying he could not believe him (Reubenstein)." Patterson was then introduced by the plaintiff, who asked him, " if he had talked with said Ruder as Ruder had stated ; and if so, how he came to talk so about said Reubenstein." This question was objected to by the defendant, as irrelevant and illegal ; but the objection was overruled, against the exception of the defendant. Patterson then stated, that " he did not remember such conversation with Ruder, but that he might have so talked with him, as he had heard one Meier say that he (Meier) had heard that said Reubenstein had run away from Columbus for stealing, and there were persons there who would swear that they would not believe Reubenstein on oath." The defendant again objected to this evidence, because it was irrelevant and illegal. I have endeavored to state the question, which I suppose is intended to be raised, as nearly as convenient in the language of the bill of exceptions. The fact in issue was the bad character of the witness Reubenstein for truth. On such an issue, the witnesses called for the impeachment may be cross-examined as to their means of knowledge, and the grounds of their opinion. Here, the witness Ruder stated that he had heard, among others, Patterson speaking of the bad character of the impeached witness, Reubenstein, for truth. This was a fact which might be contradicted in support of Reubenstein. This was competent. 1 Greenl. Ev. § 461. The answer of Patterson was then, in part at least, correct, because it was a proper response to the question asked. If it went beyond this, the excess should have been objected to, and not the whole answer. 1 Brick. Dig. p. 886, § 1186 *et seq.* But the answer did no injury to the defendant, as it went to show that Reubenstein " had run away from Columbus for stealing, and there were persons there who would not believe him on oath." On the issue of the veracity of Reubenstein, such proof could not injure the defendant. This was precisely what he was attempting to prove. If it was injury at all, it was *injuria absque damnum*, and cannot be regarded. 1 Brick. Dig. p. 780, § 96.

The objection to the testimony of the witness Meier is of the same character as that to Patterson, and for like reasons it cannot be sustained.

8. A careful examination of all the objections set down in the bill of exceptions shows that the errors complained of are rather speculative than real. Except the demurrer, they principally grow out of the impeachment of the witnesses Reubenstein and Ruder. In the conduct of such an issue, much must be left to the sound discretion of the court. In such a case, it

[Cox v. Knight's Administrator.]

must clearly appear that the rulings of the court below have deprived the appellant of some important legal right which seriously affects his claim to recover. This has not been shown in this case.

The judgment of the court below is therefore affirmed.