# Shields *v.* Sheffield.

*Action for Money and Received, between Tax-Collectors.*

1. *Sufficiency of complaint, in averment of time or number.*—When the plaintiff declares on a special count, although he might recover under the common counts, the material facts must be alleged with reasonable certainty of time ; though it is not necessary to prove the precise time as alleged, unless it is matter of substance ; and when an act is continuous in its nature, as extending through a given period of time, it is sufficient to state the period of its duration.

2. *Same; in action by tax-collector, for fees collected by successor* The plaintiff, a late tax-collector, suing his successor for fees collected for services rendered by plaintiff, and declaring in a special count, must allege the year or years in which the services were rendered, or in which the moneys accrued to him ; and also the number of notices served by him, for which he claims fees, or the number and names of delinquents ; although a general averment would be sufficient, when necessary to prevent prolixity.

3. *Action by tax-collector against his successor, for fees collected.*—A late tax-collector may maintain an action against his successor for fees collected, on proof that the defendant acted as his agent, express or implied, in collection of the fees ; or, without such agency, on proof that he performed the services for which specified fees were given by law, complying with all the requisitions of the statute, and that the defendant collected the fees.

4. *Same; estoppel against agent.*—If the defendant acted as the plaintiff's agent in collecting the fees, he would be estopped from denying the liability thereby fastened upon him, or asserting that plaintiff had not complied with the law ; but the question of agency *vel non* should be submitted to the jury.

5. *Fees of tax-collector for notices to delinquents.*—Under the provisions of the act incorporating the port of Mobile, and providing for the government thereof (Sess. Acts 1878-9, p. 406, § 24), the tax-collector is not entitled to any fee for making a personal demand on delinquent taxpayers, but only where, not being able to find the delinquents, he leaves "written or printed notice at their place of residence;" and leaving such notice at any other place would not be sufficient, unless it is also shown that it was actually received by the defendant.

APPEAL from the City Court of Mobile.

- Tried before the Hon. O. J. SEMMES.

. This action was brought by Wm. H. Sheffield, against Wm. A. Shields, and was commenced on the 15th June, 1885. The complaint contained the common counts for money had and received and on an account stated, and a special count claiming $500, as follows: "For that heretofore, up to the 19th March, 1885, plaintiff was tax-collector of the port of Mobile, under and by virtue of an act of the General Assembly of Alabama, approved Feb. 11th, 1879, entitled," &c., "and while he was such tax-collector, duly exercising the duties and powers of said office, received from the president of the police board of said port, in pursuance of section 24 of said act, the tax-book therein provided for, with his certificate at the end, and his warrant thereto appended, authorizing and commanding plaintiff, as such tax-collector, to collect the taxes levied by said port in pursuance of said act; and plaintiff forthwith notified the public, by advertisement for thirty days in a newspaper published in said port, that he was ready to receive payment of the taxes so levied; and after thirty days had elapsed from the publication of said notice, plaintiff or his deputies, during the term of said office, made personal demand upon the delinquent tax-payers, for the amount of their taxes, and costs, due said port and collectible under said act; and when unable to find them, left written or printed notices at the place of residence of such tax-payers, requiring them to come forward and pay such taxes and costs immediately; and for giving such notices plaintiff became entitled to, and to collect, fifty cents for giving each such notice. After making said demand, and giving said notice, but before collecting all the said fees so due him therefor, plaintiff's term of office expired, and he went out of said office, to-wit, on the 19th day of March, 1885, and defendant, who had been duly elected as his successor to said office, and had duly qualified therefor, and had entered on the duties thereof, collected of the said tax-payers the said fees so due to plaintiff as aforesaid, to a large amount, to-wit, to the amount of $500; that he so collected them under color and by virtue of his said office; and plaintiff has demanded the same of said defendant, and he refuses to pay the same. Wherefore plaintiff sues."

The defendant demurred to the special count, assigning the following as grounds of demurrer: 1st, "because said count fails to give the name or names of any of the parties from whom said collections were made, or with whom said notices were left or sent;" 2d, "because it is vague and indefinite, in that it does not show in what year or years the sums claimed by said plaintiff accrued to him, or in what year or years said services were rendered for which this suit is brought;" 3d, "because it fails

[Shields v. Sheffield.]

to show that it was made the duty of this defendant to collect any fees for plaintiff, or that there was any agreement by this defendant to perform any services for said plaintiff, in the collection of his fees, or otherwise;" 4th, "because this defendant is the lawful tax-collector of the port of Mobile, and has been ever since March 19th, 1885, and, as such officer, is entitled in law to the fifty cents provided to be collected under said section 24, and he collected the same for himself, as his own fees." The court overruled the demurrers, and the general issue being then pleaded, and issue joined thereon, the trial resulted in a verdict and judgment for the plaintiff, for $106.50.

On the trial, as the bill of exceptions shows, the plaintiff read in evidence the act incorporating the port of Mobile (Sess. Acts 1878–9, pp. 392–413), under the 24th section of which act he claimed the fees sued for in this action; and proved his own election and qualification as the tax-collector of the port during the years 1879–84, and up to March 19th, 1885, when he was succeeded by the defendant, to whom he then delivered the tax-books. He then proved that, after receiving the books himself, "he notified the public, by advertisement for thirty days in a newspaper published in Mobile, that he was ready to receive payment of the taxes levied for each of the said years, as required by said section 24; that when he turned said tax-books over to the defendant, as his successor, there was a large number of unpaid tax-bills for back taxes due for each of the years 1879 to 1884, inclusive, as shown by the books; that he did not turn over to defendant any tax-bills, but only the tax-books, from which the defendant obtained the names of the delinquent tax-payers, and the amount of taxes due by each for each of said years; that the books did not show that demand had been made upon any of the delinquent tax-payers, nor that any written or printed notices had been served by him upon any delinquent tax-payer; that he kept a private memorandum of this, which he did not turn over to the defendant, nor did he enter on the tax-books any charge of fifty cents against each delinquent tax-payer, for making such personal demand, or serving such written or printed notices, as required by said section 24;" and he also testified, "that there was no agreement or understanding between him and defendant that defendant should collect any fees for him on tax-bills for back taxes." It further appeared that, on plaintiff's demand for money collected by the defendant which was due for fees, defendant denied that he had collected any fees due to plaintiff, and furnished a list of all the tax-payers from whom he had collected fees; and at the time of this interview, as plaintiff's witness testified, no objection was raised as to any informality in the notices served or given by plaintiff. The plaintiff himself testified, with this

list before him, that after the expiration of thirty days from his advertisement in the papers, "he made a personal demand on the several delinquents" whose names he marked on the list, "and left with each of them a printed notice requiring them to come forward and pay immediately;" and Thos. W. Williams, who was his chief deputy, testified in like manner to the service of notices on many others, whose names he could not remember. The defendant asked said Williams, on cross-examination, if he did not serve several of the notices, as to which he had testified, not on the tax-payer himself, although he resided in the port of Mobile, but on an agent; ane particularly, if the notice for Mrs. Duggan was not served on L. Brewer, as her agent. The court refused to allow this question to be asked, unless the defendant would state that he expected to prove that the fees collected for these notices had been refunded to the persons paying them, or had been demanded by them; to which ruling the defendant excepted.

"The court charged the jury, among other things, that if they believed, from the evidence, that the plaintiff or his deputies, while he was tax-collector of the port of Mobile, gave the notices required by the 24th section of the act incorporating the port of Mobile, read in evidence before them, then he was entitled to the fifty cents for serving such notice; and if they further find, from the evidence, that after plaintiff ceased to be such tax-collector, defendant succeeded him in that office, and collected any tax-bills for back taxes, and with it also fifty cents from each tax-payer, then defendant would be liable to plaintiff for each such fifty cents so collected by him on all such tax-bills." To this charge the defendant excepted.

The overruling of the demurrer to the complaint, the rulings on evidence to which exceptions were reserved, the charge given, and the refusal of several charges asked, are now assigned as error.

McINTOSH & RICH, and L. H. FAITH, for appellant.

R. INGE SMITH, contra.

SOMERVILLE, J.—The count for money had and received would, no doubt, have been sufficient to cover every issue raised involving the rights of the litigating parties to the money in controversy. The plaintiff, however, elected to add another count, in which he states the facts upon which he bases his right of recovery. In doing this, he is required by the established rules of pleading, to state the facts or matter to be put in issue in an intelligible form, although such statement may be as brief as is consistent with perspicuity. It is a general rule,

[Shields. v. Sheffield.]

necessary for the proper understanding of the case by the court and jury, and to prevent surprise on the part of adversary litigants, that whatever is alleged in pleading must be alleged with reasonable certainty. Under this head falls the rule, that "pleadings must have certainty of time;" by which is meant, that the day, month, and year when each traversable fact occurred, must be stated, although matters of mere inducement and aggravation require no allegation of time. Nor need time be proved as alleged, unless in cases where it becomes matter of substance by reason of forming a material point in the merits of the case. Where, however, an act is continuous in its nature, as one extending through a given period of time, it is a sufficient compliance with the rule to state the period of its duration.—Stephen on Pleading, 292.

Under this rule, the plaintiff should have stated in what year or years the sums of money claimed by him accrued, or in what years the official services, upon which he bases his cause of action, were rendered by him in the capacity of a tax-collector. The second assignment of demurrer, raising this objection, should have been sustained.

The complaint fails, also, to allege any specific number of notices given by the plaintiff to delinquent tax-payers, or how many of such delinquents there were from whom he could lawfully claim a fee of fifty cents, or from whom the defendant collected such fee. This number may not have exceeded a half dozen, and the names of these may have been known with certainty to the plaintiff. If their number was so large that a mention of them would have led to great prolixity, a general mode of statement should have been allowed, without any enumeration of the specific names of delinquents. The purpose of this rule is to prevent the incumbering of the record with a prolix and useless multiplicity of details, in the statement of a cause of action, or of a defense. The first ground of demurrer was well taken, in view of this principle.—Stephen on Pleading, *356, *359, *302.

The third ground pretermits the liability of the defendant which may have accrued in the event of his having proceeded to collect the fees in question, without protest or objection on the part of the tax-payers, although he was under no obligation to collect them, imposed either by law or by contract of the parties. This ground of demurrer was properly overruled.

The fourth ground was abandoned on argument at the bar, and needs no consideration. It was manifestly bad, and the court so pronounced it.

In order that the plaintiff, Sheffield, may be entitled to recover in this action, he must do so under one or the other of the two following state of facts:

*First:* He must show that the defendant acted, expressly or impliedly, as his agent, in collecting the fees in controversy. In this event, the defendant would be estopped from denying the liability which would be fastened on him by reason of this relationship.

*Second:* If there was no such relationship, express. or implied, the plaintiff must show that he was legally entitled to the fees for which he sues, by reason of having complied with the statute which gives the fee.

The first aspect of the case requires but little by way of elaboration. The question of agency, would be one of fact for the jury to determine, and should be submitted to them as such. If Shields acted as the agent of the plaintiff, and collected these fees for him, he could not subsequently set up any claim to them himself, nor deny that the plaintiff was entitled to them for failure to give the requisite notices, or for any other neglect of duty. He would be precluded from doing so, as we have said, by way of estoppel, even though the truth was to the contrary.

In the second contingency—that is, in the event of an agency being inferred—the plaintiff would not, in equity and good conscience, be entitled to claim any fee, unless he shows a compliance with the statute which•authorizes him to charge such fee. He must derive his right from contract, or from law. If he fails to do either, he must be dismissed without recovery.

We entertain no doubt as to the proper construction of section 24 of the act approved February 11th, 1879, entitled "An act to incorporate the port of Mobile, and to provide for the government thereof," under the provisions of which the present controversy has arisen. This statute clearly confers on the tax-collectors of the port of Mobile no authority whatever to charge a fee for making a personal demand upon delinquent tax-payers for the amount of their taxes and costs. The fee of fifty cents, specified in this section, is allowed only where, in the event of the collector's being unable to find such delinquents, he leaves " a *written or printed notice* at the place of the residence of such tax-payers, requiring them to come forward and pay such taxes and costs immediately." The statute declares, in so many words, that " for giving such *notice* the tax-collector shall collect fifty cents."—Acts 1878–79, sec. 24, p. 406. Laws giving fees are *stricti juris*, and must be construed accordingly.—*Tillman v. Wood*, 58 Ala. 578.

The Circuit Court erred in refusing to allow the defendant to prove that some of the notices were not given by the collector in the manner required by statute. This ruling could be correct, only on the theory that an agency existed ; and this the court had no right to assume as a fact conclusively proved. It

[Burke v. Blan.]

is true that the jury may have inferred this fact from the conduct of the parties, but they may also have inferred the contrary.

The leaving of a written or printed notice with an agent of a delinquent tax-payer, at any other place than the residence of such delinquent, would not be a compliance with the law, unless it should be further proved that such notice was actually delivered to the person for whom it was intended.

The rulings of the court can be easily tested by these principles on another trial, it being kept in mind that no charge should be given by the court which would exclude from the jury either aspect of the case, which we have above discussed in the alternative.

The judgment must be reversed, and the cause remanded.