# Central L. & T. Co. *v.* McClure L. Co.

## *Assumpsit.*

(Decided April 17, 1913.   61 South. 821.)

1. *Sales; Validity; Uncertainty.*—A contract whereby one party agreed to sell another certain lumber at a stipulated price, delivery to be made according to the wishes of the buyer in November, or within a reasonable time thereafter when no notified by the buyer, is not invalid for uncertainty, because the means or method by which the wishes of the buyer should be communicated were not specified.

2. *Same; Price; Plea; Reasonable Terms.*—A defendant's plea in recoupment for plaintiff's breach of a contract for the sale of lumber which averred that the lumber was to be delivered in and during November, or within a reasonable time thereafter according to the wishes of defendant, and that to-wit on December 28, defendant notified plaintiff that it desired the lumber in accordance with the

[Central L. & T. Co. v. McClure L. Co.]

terms of the contract, but plaintiff failed to deliver within a reasonable time thereafter, is insufficient in failing particularly to allege the time when defendant's wishes were communicated; the question of breach depended upon whether defendant had requested delivery within a reasonable time, and, that being a question of law, the facts themselves must be averred, and the use of the videlicet showed the pleader's intention of leaving this matter uncertain. ·

3. *Same; Demand; Question of Law.*—Where the facts are undisputed, the question whether a buyer demanded delivery within a reasonable time in accordance with the contract is one of law.

4. *Plea; Videlicet.*—A videlicet used before an averment as to the time of demand for delivery in accordance with the contract shows an express purpose of the pleader to leave the matter of time uncertain.

5. *Same; Demurrers; Sufficiency.*—Under section 5340, Code 1907, a defect in pleading cannot be taken advantage of upon demurrer unless the particular point is made an objection, and although a plea in recoupment was insufficient for failing to aver that defendant requested delivery within a reasonable time in accordance with the contract, it will not be held bad where the demurrer fails to take the point.

6. *Appeal and Error; Harmless Error; Pleading.*—Where the demurrer failed to point out the only defect in the plea of recoupment. and was accordingly improperly sustained, the error cannot be considered harmless as this court cannot assume that the plea was not capable of further amendment, avoiding the defect, although the plea had been previously amended.

7. *Same.*—Where the issues under the plea, as amended the second time, were not identical with those under the first amendment, the improper sustaining of demurrer to the plea cannot be held harmless because there was a variance or failure of proof upon the evidence taken under the issues made by the plea as first amended.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by the McClure Lumber Company against the Central Lumber & Timber Company in assumpsit on the common counts. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Plea 4 is as follows: "The defendant, as a further defense to the action of the plaintiff and to each count thereof pleaded separately and severally, saith that, at the time said action was commenced, the plaintiff was indebted to it in the sum of, to wit, $2,035.85 damages for the breach of a contract or agreement entered into

by the plaintiff on, to wit, August 25, 1909, by which plaintiff promised in writing to cut and ship to defendant at Mobile, for export, 205,000 feet square edge and sound dry and bright long leaf yellow pine lumber from its mill plant at Wagar, Ala., by September 15, 1909, at and for the price of $13.50 per 1,000 feet f. o. b. cars at Mobile, Ala. Defendant avers that said contract or agreement was subsequently changed or modified by mutual consent of both defendant and plaintiff in one respect or particular only, viz., that is to say, said delivery, instead of being by September 15, 1909, was changed so that said lumber was to be delivered to defendant so that it could be placed by defendant on a vessel chartered by said defendant to receive said lumber, which said vessel was calculated to make November loading in the port of Mobile as the earliest possible date. And defendant avers that plaintiff knew or had full notice that said lumber agreed to be sold by it to defendant was bought by defendant for the purpose of being exported from the port of Mobile, and plaintiff further knew or had full notice that any delay to said vessel after her lay days had expired would occasion loss and damage to defendant in that defendant would be required to pay to said vessel demurrage charges for each day said vessel was so delayed after the expiration of her lay days. And defendant avers that plaintiff wholly failed and refused to deliver to defendant said lumber hereinabove mentioned in accordance with its said modified or changed contract or agreement, when it was so notified to do by defendant, whereby defendant was unable to procure elsewhere said lumber for a great length of time, and said vessel was delayed a great length of time after the termination of her lay days, and defendant, as a proximate result of said failure and refusal, was put to the cost, expense, and damage of

demurrage charges which accrued to said vessel, besides the extra cost price of buying on the market lumber to replace said lumber which plaintiff failed and refused to deliver. And defendant claims all such demurrage charges and costs as special damages, and claims also the natural and proximate damages arising from plaintiff's said breach, both aggregating as aforesaid, to wit, $2,035.85, which amount defendant hereby offers to set off against the demand of the plaintiff, and defendant claims judgment for the excess."

The following are the grounds of demurrer:

"(1) It is not alleged when defendant notified plaintiff to ship the lumber in question.

"(2) Said plea does not show when the vessel alleged to have been chartered to receive the lumber mentioned in said plea arrived in Mobile and was ready to receive the same.

"(3) The alleged contract upon which said plea is based as set forth in said plea is void for indefiniteness.

"(4) Said plea fails to show at what time plaintiff was obliged to deliver the lumber which it is alleged to have contracted to deliver.

"(5) It is impossible to determine from the said plea what duties rested upon defendant with respect to the time of delivery of the lumber there mentioned.

"(6) The averments of facts contained in said plea show no breach of any duty owing by plaintiff to the defendant."

Plea 4 was afterwards amended by striking out the clause beginning with the words, "that is to say, said delivery, instead of being by September 15, 1909, was changed," and ending with the words, "in the port of Mobile at the earliest possible date," and inserting in lieu thereof the following: "That is to say, said delivery, instead of being by September 15, 1909, was chang-

ed so that said lumber was to be delivered to defendant in no event sooner than, but according to the wishes of defendant, in or during the month of November, 1909, or within a reasonable time thereafter, as the case might be." The plea was further amended by striking out the clause beginning with the words, "and defendant avers that plaintiff wholly fails and refused," and ending with the words, "when it was so notified to do by the defendant," and substituting therefor the following: "And defendant avers that it on, to wit, December 28, 1911, notified plaintiff that it desired plaintiff to ship, or begin to ship without delay, said lumber in accordance with the tems of said modified or changed contract or agreement, but defendant avers that plaintiff wholly failed and refused to ship and deliver to defendant, within a reasonable time thereafter, said lumber." This amendment was filed July 12, 1911. The demurrers were refiled to the complaint as amended.

BESTOR & YOUNG, for appellant. The lower court was in error in sustaining the demurrer to defendant's 4th special plea of set-off as amended, since the demurrer failed to point out the defects.—*Ryall v. Allen,* 143 Ala. 222. The plea was definite in all its essential particulars, and hence, not subject to the present ground of demurrer.—*McFadden & Bro. v. Henderson,* 128 Ala. 221. Time of delivery was not of the essence of the contract, and it was not so construed or understood by the parties.—*Crass v. Scruggs,* 115 Ala. 258; Story on Sales, sec. 310; Addison on Contracts, sec. 578. It was plaintiff's duty on receipt of defendant's demand to deliver within a reasonable time.—6 Mayf. 187. Defendant having established the contract and the breach of it, it was entitled to the charge requested.—*Mc-*

[Central L. & T. Co. v. McClure L. Co.]

*Olesky v. Howard Cotton Co.*, 147 Ala. 573. The demurrage in a case like this is a legitimate element of damage.—*So. Ry. v. Lewis*, 165 Ala. 451.

STEVENS, LYONS & DEAN, for appellee. A special plea of recoupment or set-off must contain all the essential averments of a count or complaint in an independent action on the claim sought to be set off.—*Sledge v. Swift*, 53 Ala. 110; *Lawton v. Rickets*, 104 Ala. 430; 31 Cyc. 226. There is no averment in the plea that the term of demand was within a reasonable time, nor does the plea present facts and circumstances necessary to the determination of that question.—*Cotton v. Cotton*, 75 Ala. 345; *Am. O. E. Co. v. Ryan*, 104 Ala. 274; *Comer et al. v. Way et al.*, 107 Ala. 311; *McFadden v. Henderson*, 128 Ala. 230. A videlicet was used showing the intention of the pleader to leave the time of demand uncertain and indefinite.—4 Mayf. 116. Such method of pleading is not permitted under the circumstances of this case.—1 Chitty 365; *White v. Knox*, 4 Ala. 138. The court properly gave the affirmative charge for the appellee because of a variance between the contract alleged and that proven.—*Touart v. Yellow P. L. Co.*, 128 Ala. 61; *Phillips v. Am. G. Co.*, 110 Ala. 521; *McFadden v. Henderson, supra.*

McCLELLAN, J.—Plea 4 purported to be a plea of recoupment. The claim of plaintiff, for a definite sum, is conceded and must have passed into judgment unless the defendant (appellant) sustained the right he would assert in such plea. The court sustained plaintiff's demurrer to plea 4, as amended July 12, 1911. The report of the appeal will contain a statement of its averments, aside from those to be quoted. In the thus amended plea this allegation appears: "That is to say,

said delivery, instead of being by September 15, 1909, was changed so that said lumber was to be delivered to defendant in no event sooner than, but according to the wishes of defendant, in or during the month of November, 1909, or within a reasonable time thereafter, as the case may be." Therein the breach of the contract is thus averred: "And defendant avers that it on, to wit, December 28, 1909, notified plaintiff that it desired plaintiff to ship, or begin to ship without delay, said lumber in accordance with the terms of said modified or changed contract or agreement, but defendant avers that plaintiff wholly failed and refused to ship and deliver to defendant, within a reasonable time thereafter, said lumber." The report of the appeal will contain the six grounds of demurrer addressed to the plea as thus amended.

Clearly the first, second, and third grounds of the demurrer were not well taken.

The plea, as thus amended, set forth an unambiguous contract; a contract not at all uncertain in its obligations. That the means or method by which the *wishes* of the defendant should be communicated to the plaintiff were not specified did not detract from the definiteness of the substantial elements of the obligations imposed by the contract.

The contract, as set forth in the amended plea, hinged the plaintiff's obligation to deliver upon, and established as a condition to delivery by the plaintiff (after November 1, 1909), the *wishes* of defendant, which, under the latter alternative, must have been communicated by defendant to plaintiff *within a reasonable time after November*, 1909. It not appearing from the plea that delivery was desired by defendant during November, 1909 (the first alternative under the contract set forth), whether the breach averred was possible of com-

mittal depended primarily, under the latter alternative of the contract set forth, upon whether the defendant communicated to plaintiff its *wishes*, in .respect of delivery within a reasonable time after November, 1909. While the amended plea avers that "on, to wit, December 28, 1909," the *wishes* of defendant in the premises were communicated to plaintiff, it does not appear from the plea that that communication of defendant's wishes was made within a reasonable time *after* November, 1909. What a reasonable time is, when the facts are undisputed, is a question of law; and when pleading that action or nonaction within a reasonable time was or was not taken, facts (but not the evidence in extenso) must be averred.—*Continental Jewelry Co. v. Pugh*, 168 Ala. 295, 53 South. 324, Am. Cas. 1912A, 657. Here the pleader affirms the communication of defendant's wishes as of an uncertain date *after* November, 1909. The *videlicet* employed expressed the affirmative purpose of the pleader to leave this matter of time uncertain.—*Henry v. McNamara*, 114 Ala. 107, 22 South. 428. When the communication was made was, under the contract relied on, a subject of vital, material concern in respect of a breach vel non of that contract, for unless the communication was made within a reasonable time after November, 1909, there could have been no breach of the contract by the plaintiff. Manifestly the time when defendant's wishes, in the premises, were communicated to plaintiff became and was of the essence of the contract. When such is the case, it must be particularly averred (3 Cyc. pp. 106, 107; *Shields v. Sheffield*, 79 Ala. 91), and peculiarly so when the breach sought to be asserted essentially depends upon the time action or nonaction was or was not taken.

While the amended plea was defective in the respect that it did not appear therefrom that defendant communicated its wishes, in the premises, within a reasonable time *after* November, 1909, we do not find any ground of demurrer taking this particular point of objection thereto.   Our statute so requires.—Code, § 5340.

The fault, as appears, lies in the predicate for breach of the contract by the plaintiff, and not in any uncertainty or indefiniteness in the contract defined in the amended plea.   The only ground of demurrer alluding to the plea's deficiency in this aspect is the *sixth* ground. That ground is general, not specific; and, since it cannot be assumed that the plea as amended was not capable of further amendment avoiding the indicated particular defect, reversal cannot be averted on the theory that no prejudice attended the ruling the court made. —*Ryall v. Allen,* 143 Ala. 222, 38 South. 851.   Accordingly there was reversible error in sustaining the demurrer to the amended plea under consideration.

It is urged that no injury to defendant could have attended this ruling for that there was a variance or failure of proof upon evidence taken under issues made by the second amendment of plea 4 in respect of averments common to the first and second amendments of plea.   The pleas amended the first and second times are not identical or substantially so.   Hence the doctrine of error without injury, which appellee would invoke, cannot avail to avert a reversal.

The judgment is reversed and the cause is remanded.

Reversed and remanded.   All the Justices concur, except DOWDELL, C. J., not sitting.