(124 So. 519)

**PHILLIPS v. ASHWORTH.** (7 Div. 859.)

Supreme Court of Alabama. Oct. 10, 1929.

As Modified on Denial of Rehearing Nov. 29, 1929.

Inzer, Inzer & Davis, of Gadsden, for appellant.

J. M. Miller, of Gadsden, for appellee.

FOSTER, J. This is an action for damages for the seduction of plaintiff by defend-ant. The authority for the suit is section 5692, Code. No such action existed at common law. This provision of law gives a right of action to an "unmarried woman" for her own seduction. The criminal statute, section 5490, Code, likewise makes it a felony to seduce an "unmarried woman." Plaintiff in this case claims to be an "unmarried woman," though she had been married, but claims to have been divorced at the time of the alleged seduction.

The question is presented directly by this appeal whether a divorced woman is an "unmarried woman," within the statute of seduction. It has been treated in several of the states which have statutes similar in this respect to ours.

Apparently the first case which is directly in point is Jennings v. Com., 109 Va. 821, 63 S. E. 1080, 21 L. R. A. (N. S.) 265, 132 Am. St. Rep. 946, 17 Ann. Cas. 64. The argument in that case is that since by her former marriage she is familiar with the ways of men, she is immune from their wiles and does not need the protection of the law. It was held that she was not an unmarried woman within such a statute. This seems to be the only case which takes that view so far as we can find; whereas, several have refused to follow it. They adopt the reasoning that if a woman who has once fallen and reformed may be the subject of seduction, the law should likewise protect a chaste woman who has been married, but is a widow at the time. The following authorities decline to follow the Virginia case, and hold that a widow, either by divorce from or the death of her husband, is an unmarried woman as described in seduction statutes: People v. Weinstock (Mag. Ct.) 140 N. Y. S. 455; State v. Wallace, 79 Or. 129, 154 P. 430, L. R. A. 1916D, 457; State v. Eddy, 40 S. D. 390, 167 N. W. 392; Wiley v. Fleck, 189 Iowa, 614, 178 N. W. 410. This last case contains an exhaustive argument on the subject. It was a case similar to this one in many respects. A divorced woman recovered damages for her seduction by a married man.

The reasoning of these cases is in line with the conclusion long since approved by this court that a woman who has in time past been unchaste may be seduced, if she is chaste at the time of the alleged seduction. Shadix v. Brown, 216 Ala. 516, 113 So. 581, 583; Suther v. State, 118 Ala. 88, 24 So. 43; Weaver v. State, 142 Ala. 33, 39 So. 341.

We approve the interpretation of seduction statutes which will include as an unmarried woman one who has been divorced. We think the reasons supporting this interpretation are sustained by the decisions of this court disclosing the purpose and intent of our statutes on the subject.

The divorce proceedings were offered in evidence. They consisted of an original bill,

affidavit of nonresidence, order of publication, decree pro confesso reciting that it appears to the register that the order of publication was published four consecutive weeks. There was no certificate of publication as provided by Rule 29 Chancery Practice. Appellant admitted, as the bill of exceptions recites, that the proceedings were regular, except the absence of affidavit of publication. The pleadings and proceedings are not set out in full except the decree, and an entry from the register's docket relating to the decree pro confesso.

We are mindful of the fact that jurisdiction of divorce cases in equity is statutory, and limited, and not general; that the jurisdictional facts must affirmatively appear. (Tillery v. Tillery, 217 Ala. 142, 115 So. 27; Martin v. Martin, 173 Ala. 106, 55 So. 632; Smith v. Gibson, 191 Ala. 305, 68 So. 143); and that proper notice to defendant as shown by the record is jurisdictional in a court exercising limited powers (Crimm v. Crimm, 211 Ala. 13, 99 So. 301; L. & N. R. Co. v. Tally, 203 Ala. 370, 83 So. 114). The admission of counsel and absence from the record of the proceedings in full, limit the issue as to jurisdiction to the single question of whether the certificate of publication required by Rule 29, Chancery Practice, is jurisdictional or even has application when the decree pro confesso is entered by the register, and whether the recital of publication on the docket of the register and in the decree pro confesso are sufficient on collateral attack to show the jurisdictional fact of publication of the order and notice to defendant. By section 6599, Code, the register may enter a decree pro confesso after 30 days from the date specified in the order if the publication has been perfected. Chancery Rule 29 has express application only when the decree pro confesso is entered by the chancellor. This is but proof to the chancellor of the publication of the order. But the register is required to superintend the publication of the order, and is expected to have personal knowledge of it. Section 6535, Code. So that when the register enters the decree pro confesso reciting such publication as he did here, a further certificate by him is not needed. It could serve no purpose in that event, is not required by the rule, and would be superfluous. Sufficient notice to comply with the statute and to support the decree pro confesso is recited in the record.

Appellant has also argued that the complaint is defective because it does not allege that the cause of action arose in Alabama, nor state the time with sufficient particularity. It is argued that as the common law did not give the woman an action for her own seduction, but that it is the result of the Alabama statute, the complaint should show that the cause of action occurred within the jurisdiction of the statute. There is no form

prescribed by statute for a complaint based on seduction. It is in nature an action on the case. We think we should remember that the spirit of our system is to simplify pleadings. In none of the forms in the Code is there required a statement showing the jurisdiction in which the action arose. It is usual to require the defendant to present such defense by plea. Our decisions point out that it is not necessary to plead facts showing proper venue, even in cases where the law requires the action to be prosecuted in the county where it arose or where the plaintiff resides. Tennessee C., I. & R. Co. v. Bridges, 144 Ala. 229, 39 So. 902, 113 Am. St. Rep. 35; Snyder Cigar & Tob. Co. v. Stutts, 214 Ala. 132, 107 So. 73. It is said in the early case of Moore v. Bradford, 3 Ala. 550, that "this is a matter which cannot well become a question on demurrer, as the bill [of exchange] will be presumed to be drawn at the place stated as the venue of the declaration." The general rule is that in a court of general and unlimited jurisdiction its authority to proceed as for want of jurisdiction need not appear in the complaint, but an absence of such is defensive. Godfrey v. Godfrey, 17 Ind. 6, 79 Am. Dec. 448. In the case of Buckles v. Ellers, 72 Ind. 220, 37 Am. Rep. 156, cited by appellant, the question did not arise on the pleading, but the evidence showed that the seduction did not occur in Indiana, the place of trial, but in Illinois, and it was not shown that a statute of Illinois provided for such an action.

We cannot accept appellant's contention on this claim. This is easily differentiated from those cases cited by appellant in which the location of an accident, the foundation of a suit, is required for the information of defendant to enable it properly to prepare for and make its defense. L. & N. R. Co. v. Whitley, 213 Ala. 525, 105 So. 661; Western Ry. of Alabama v. Turner, 170 Ala. 643, 54 So. 527.

When time is not the essence of the action nor of its description, great particularity of averment is not necessary in pleading it. Cent. L. & T. Co. v. McClure, 180 Ala. 606, 61 So. 821; Shields v. Sheffield, 79 Ala. 91; 31 Cyc. 105, 106.

The allegation of time in the complaint, to wit, "summer or fall of 1926," is sufficient. Sonneborn v. Bernstein, 49 Ala. 168. We note that apparently each count was copied from one held good (though not attacked on that ground) in Shadix v. Brown, supra.

The fact that plaintiff did or did not make complaint of the defendant's alleged conduct is not admissible in seduction cases as it is in rape. Tucker v. State, 167 Ala. 1, 52 So. 464.

The court did not err in allowing plaintiff to testify of a visit defendant made

her after she became pregnant and had gone to a distant city where he had directed her to go, and conversations between them; that he gave her money; and that she received money through the mail in the manner in which he had promised. All such evidence tends to show incriminating circumstances relating to the occasion of the alleged seduction, and not to a subsequent distinct offense. All of them he denied, and denied having sexual intercourse with plaintiff. Bracken v. State, 111 Ala. 68, 20 So. 636, 56 Am. St. Rep. 23; Whatley v. State, 144 Ala. 68, 39 So. 1014. This is quite different from the evidence treated in Davis v. State, 18 Ala. App. 482, 93 So. 269, where the subsequent conduct of defendant did not relate to or shed light on the alleged seduction, but only proved subsequent criminal acts between the parties. Those acts of intercourse it was held being separate and distinct from and subsequent to the alleged seduction were not within the issue. Herbert v. State, 201 Ala. 480, 78 So. 386. In this record there is not shown in the evidence subsequent acts of intercourse, but the conduct of defendant and his conversations with plaintiff have evidential effect as circumstances affecting the only question—the seduction.

[redacted] This court has frequently referred to the fact that in civil actions and in criminal prosecutions for seduction, evidence of pregnancy and childbirth attributed by the prosecuting witness or plaintiff to the act of seduction is admissible. Shadix v. Brown, supra; Cunningham v. State, 73 Ala. 51. Also that profert of the child born under such circumstances is proper. Pannell v. State, 162 Ala. 81, 50 So. 281. The date of the birth of the child was not such as to show that it was not the result of the seduction within the case of Davis v. State, supra.

[redacted] The statute which gives plaintiff the right of action does not make it conditional upon corroboration of the plaintiff (section 5692), whereas the criminal statute is so conditional (section 5490). This is significant of the fact that in this respect the Legislature intended to make a distinction. The defendant's liberty is not involved in a civil case, and the measure of proof is different. Indeed, we find that the distinction is so expressly stated in some authorities. 35 Cyc. 1319; Olson v. Rice, 140 Iowa, 630, 119 N. W. 84

This court holds that such view is the proper one, and that in this case, of a civil nature, there is no requirement of law that plaintiff's evidence must be corroborated. The only burden on plaintiff is reasonably to satisfy the jury of the facts alleged in the complaint.

[redacted] Appellant insists that he was entitled to favorable consideration of his motion for new trial, for that the judgment was contrary to the weight of the evidence, and that the elements of seduction were not shown, and for prejudicial remarks of counsel for appellee on the trial.

There was no serious attack made upon the character or chastity of appellee. She was employed by defendant in his store, where it is alleged she and defendant were alone with all doors closed and locked engaged in preparing for a special sale. She alleges that defendant, who was a married man, seduced her by temptation, deception, arts, and flattery. She was a young woman, to wit, 24 years old, earning her own living and employed by defendant, apparently a prominent, well-to-do business man. He is alleged to have flattered and tempted her with promises of elevation and continuous employment, and immunity from harm resulting to her, and thereby secured her consent to sexual intercourse. She continued to work for him until she had to leave on account of being pregnant. He denied all such relations. It was therefore a question for the jury. The sufficiency of such evidence is fully discussed in Smith v. State, 13 Ala. App. 399, 69 So. 402. The discussion of the facts in that case is referred to as applicable here.

[redacted] The terms "deception," "temptation," "flattery," and "arts" have been defined by this court, and it is not necessary to restate their meaning. Seduction may be accomplished by such means, as well as a promise of marriage. Suther v. State, 118 Ala. 97, 24 So. 43. There was direct conflict in the evidence, and as said in Shadix v. Brown, supra: "The jury and the judge evidently believed the testimony of the plaintiff and disbelieved the testimony of the others, and it is peculiarly a case where such findings ought not to be disturbed by an appellate court. Hence we cannot say that the trial court was in error in overruling the defendant's motion for a new trial."

[redacted] Neither do we think that the court erred in respect to the remarks of counsel. Much discretion is allowed the trial court in such matters, and we do not find here an abuse of it. Beaird v. State (Ala. Sup.) 121 So. 38;[1] Cross v. State, 68 Ala. 476; B'ham R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann. Cas. 1916A, 543; Olden v. State, 176 Ala. 6, 58 So. 307; B'ham Electric Co. v. Cleveland, 216 Ala. 455, 113 So. 403. The general character of defendant in an action of this nature is not admissible as primary evidence. 35 Cyc. 1316; Delvee v. Boardman, 20 Iowa, 446. Nor in civil actions generally. Drummond v. Drummond, 212 Ala. 242, 102 So. 112; Hancock v. Hullett, 203 Ala. 272, 82 So. 522; Lester v. Gay, 217 Ala. 585, 117 So. 211, 59 A. L. R. 1561; Sharp v. Clopton, 218 Ala. 140, 117 So. 647.

[1] 219 Ala. 46.

242

■ Defendant who has testified as a witness is not allowed to show his good character merely because his evidence is contradicted. There must be evidence which is impeaching in nature to permit a party to sustain his character. Dickson v. Dinsmore (Ala. Sup.) 122 So. 437;[2] Starks v. Comer, 190 Ala. 245, 67 So. 440; Bell v. State, 124 Ala. 94, 27 So. 414; Baucum v. George, 65 Ala. 259.

We think that all the alleged errors argued by counsel for appellant are controlled by some of the principles we have discussed, and have not discovered reversible error in the record. It is therefore affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

