## Powell v. Commonwealth.

(Decided Feb. 20, 1934.)

JOE H. WEAKS for appellant.

BAILEY P. WOOTTON, Attorney General, and DAVID ('.
WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Harvey Powell appeals from a judgment convicting him of seduction under promise of marriage, and fixing his punishment at two years' imprisonment.

According to the evidence of the prosecuting witness, she first met appellant at an ice cream supper in June or July, 1931, and they became engaged about the 1st of September, 1931. After they became engaged, he had intercourse with her twice, the first time about November 1st, and the second time about November 15, 1931. On the other hand appellant testified that he never at any time had intercourse with the prosecutrix, and that he stopped going with her because he heard that she was a bad character. Several witnesses testified that the reputation of the prosecutrix for virtue and morality

was bad. There was further evidence by a witness that while he and another man were driving the prosecutrix home about the last of February or 1st of March, 1932, she stated that she felt like she was going to have some more trouble, and she did not know who it could be, but that she had been going with a married man.

It is the rule in this state that an act of intercourse induced by mutual desire of the parties to gratify a lustful passion, even though they may be engaged, does not fall within the statute. The gist of the offense is the promise, and the yielding in consequence thereof. Although there may be a promise of marriage, yet, if the woman is not induced thereby to yield her virtue, she is not seduced under promise of marriage. Garrison v. Commonwealth, 243 Ky. 253, 47 S. W. (2d) 1028. All that we have from the prosecutrix is that she and appellant became engaged, and that about two months later he had intercourse with her. This, without more, is not sufficient to sustain a conviction.

It remains to determine whether the evidence that the prosecutrix was under 21 years of age at the time of the alleged seduction is of any probative value. It was necessary for the commonwealth to prove that she was under 21 at the time of the alleged seduction, which took place in November, 1931. The case was tried on August 11, 1933, and the prosecutrix was the only witness as to her age. On her direct examination she testified as follows:

"Q. How old are you now? A. Twenty-two, going by the record, what they say.

"Q. You were born in 1911? A. Yes, sir."

On cross-examination she testified as follows:

"Q. Where were you born? A. Philadelphia, Pa.

"Q. Do you know when? A. We have two records of my age, one said January, 1911, and the other January, 1912.

"Q. Where did you get those records? A. The court here, Juvenile Court here in Murray, shows I was born January 11th, 1912.

"Q. Where did the Court get that record? A. I don't know.

"Q. Where is the other record you spoke of? A. At Paducah.

"Q. What institution there has it? A. The Home of the Friendless.

"Q. Where did they get it? A. I don't know.

"Q. What is that record? A. January 11th, 1911.

"Q. You don't know how old you are—you don't know where those records were secured? A. No, sir.

"Q. How came the Court to have a record of your age? A. You ought to know—you were my lawyer.; some of those jurors have known me all my life; I don't know how old I am.

"Q. You don't know anything about where they secured the date the record was made from? A. No, sir."

In connection with age hearsay is receivable from the nature of the case. A person may testify to his own age, though his information is necessarily based upon family tradition or reputation. Benham v. Kentucky Central. Life & Accident Ins. Co., 240 Ky. 169, 38 S. W. (2d) 954. The rule has been applied in actions for seduction, and in prosecutions for seduction under promise of marriage. Morrell v. Morgan, 65 Cal. 575, 4 P. 580; State v. McClain, 49 Kan. 730, 31 P. 790; State v. Marshall, 137 Mo. 463, 36 S. W. 619, 39 S. W. 63. However, before one may testify as to his age, upon information furnished by others, it must appear that those who furnished the information were in a position to create the presumption that they knew the truth of the matter. Morgan v. Commonwealth, 172 Ky. 684, 189 S. W. 943; 10 R. C. L. 964. Here the prosecuting witness was born in a distant state. She does not claim that she knew her age from family tradition or reputation, or that any member of her family or other person in a position to know, ever made any statement to her concerning her age. She frankly admits that all that she knew about her age was obtained from certain records, one in the juvenile court at Murray, and the other in the Home of the Friendless at Paducah. How, when, or under what circumstances these records were made, and the sources of information on which they were based, does not appear. In the absence of such information there is no presumption that the records are correct, and the evidence of the witness, based entirely on such records, is wholly lacking in probative value.

Judgment reversed and cause remanded for a new trial consistent with this opinion.