## Gossage v. Commonwealth.

(Decided Nov. 27, 1934.)

O. B. BERTRAM for appellant.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

he appellant, Orus Gossage, was found guilty of seducing Naomi Bennett under a promise of marriage and from a judgment sentencing him to imprisonment for a term of one year he appeals.

Appellant, who resided about six miles from the home of the prosecutrix, went to see her regularly from July, 1932, until the 1st of September, 1933, when he left Kentucky and went to Illinois. The first act of intercourse occurred in February, 1933, and the prosecutrix, who was then nineteen years of age, testified positively that she yielded to him because of his unequivocal offer and promise to marry her. Appellant admitted the act of intercourse, but denied that it was preceded or accompanied by any promise of marriage on his part. During the cross-examination of the prosecuting witness, she denied that she told Mr. W. J. Chumbley, acting county attorney, when she went to his office to procure a warrant, that appellant promised to marry her if anything happened to her. Mr. Chumbley testified that she did make such a statement, but returned to his office a week or ten days later and stated that appellant promised to marry her, and thereupon a warrant was issued.

Counsel for appellant argues that this evidence shows that the promise of marriage was conditioned on her becoming pregnant, and the facts, therefore, do not constitute the offense denounced by section 1214 of the Kentucky Statutes. This evidence, however, was

for the sole purpose of affecting the credibility of the witness. The gist of the offense of seduction is the promise of marriage and the yielding in consequence thereof. Powell v. Commonwealth, 253 Ky. 68, 68 S.W. (2d) 754; Mackey v. Commonwealth, 255 Ky. 466, 74 S.W.(2d) 915. The prosecutrix testified unequivocally that appellant promised to marry her and that she yielded because of the promise. The case was clearly one for the jury.

Before the commonwealth closed its case, Naomi Bennett was recalled, and this question was asked: "Did anyone ever have carnal knowledge of you except Orus Gossage?" to which she answered, "No," after an objection had been overruled. It is insisted that this was error, since her chastity had not been put in issue. The rule in this state is that, in a prosecution for seduction, the chastity of the woman is presumed, and the burden of proof is upon the defendant to show her unchastity in case he relies upon that as a defense to the prosecution. Fogle v. Commonwealth, 210 Ky. 745, 276 S.W. 814; Wolfe v. Commonwealth, 229 Ky. 385, 17 S.W.(2d) 219, 64 A. L. R. 263. Whether or not it is improper to introduce proof as to the chastity of the prosecutrix before an attack on her chastity has been made need not be determined, since in this case a statement was made during the cross-examination of Lizzie Bennett, the mother of Naomi Bennett, that the latter may have associated with men other than appellant, since she had spent much of her time away from her mother's home. Under the facts of the case, the question objected to was proper.

Complaint is also made because the court permitted certain letters to be introduced which were written by appellant to the witness, Naomi Bennett, after he went to Illinois and in which he offered to make a settlement in cash. These letters contained statements admitting the acts of intercourse, and were admissible.

Finding no error prejudicial to appellant's substantial rights, the judgment is affirmed.