## Hurt v. Commonwealth.

(Decided Dec. 7, 1934.)

LAWRENCE & CARTER and JOHN C. CARTER, Jr., for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This is an appeal from a judgment convicting the appellant, Fred Hurt, of seduction under promise of marriage and fixing his punishment at imprisonment for two years.

According to the evidence of the prosecuting witness, Clarice Harper, she and the appellant had been "keeping company" for about two years and in May or June, 1932, had become engaged. She further stated that they "did not go to church or out in society very much," but that he came to see her about twice each

month and then would come "of nights," when no one was there but her mother; that in October, while they were still engaged, she and the defendant, together with another couple, "were on their way to church in Pleasant Hill late one Sunday evening, when the defendant asked her to have intercourse with him and she consented, but that she would not have done so had he not previously promised to marry her, although nothing was said at the time of this proposal about marrying or of their engagement." Further she stated that she was at the time of her seduction 18 years of age, resided in Monroe county, Ky., that it occurred in Monroe county, and that she had never had intercourse with another at that time; that she and the defendant were both single at the time, and that the reason she had intercourse with him *was because of his promise to marry her.* This was the only evidence offered by the commonwealth, and upon its conclusion appellant moved for a peremptory instruction, which was overruled.

The appellant then testified in his own behalf, stating that he was 27 years of age, lived in the adjoining county of Cumberland, about two miles from the home of the prosecutrix, where he visited her at intervals in the latter part of 1931 and up until the fall of 1932. He denied having promised to marry her, though he admitted having had sexual intercourse with her upon the occasion in evidence, as testified to by her, but stated that there was nothing at this time or at any time said about marriage, and that they then indulged in sexual intercourse to satisfy their mutual desires and for no other reason.

This testimony given by the defendant and that of the prosecutrix constituted all the evidence introduced upon the trial, upon the conclusion of which defendant's motion for a peremptory instruction was renewed and overruled.

The cause being finally submitted upon this evidence, the jury, after receiving the instructions of the court and hearing argument of counsel, returned a verdict finding the defendant guilty as charged. Appellant's motion thereupon filed for a new trial, in which he assigned some nine alleged errors as grounds therefor, was overruled; hence this appeal.

The appellant, however, may be here considered as having waived all of these enumerated assignments of

error except the three following, upon which he relies and by brief now argues as grounds for reversal: (1) That the verdict is not sustained by the evidence; (2) that the trial court failed to properly instruct the jury; and (3) that the court erred in refusing to peremptorily instruct the jury.

We will consider and dispose of the first and third of these objections together, in that they inversely involve the insufficiency of the evidence for submission of the case to the jury as well as its sufficiency to sustain its verdict returned thereon.

First considering appellant's contention that the court failed to properly instruct the jury by reason of its failure to define the word "seduction" as used therein, it is sufficient answer thereto to say that the instructions thus criticized are not here before us for our decision of this contention, in that the defendant has failed to incorporate the court's instructions in his bill of exceptions, the rule in such case being (as we have repeatedly held) that where the instructions are not made a part of the record, the question of their propriety cannot be considered and determined by us.

Turning next our attention to the other objections 1 and 3 of appellant, complaining of the court's refusal to give a peremptory instruction, upon the ground that under the evidence introduced, and hereinabove set out practically in full, he was entitled thereto for the reason that it was insufficient in failing to show that his charged seduction of the prosecutrix was induced or accomplished by reason of a promise of marriage, which he contends is required for conviction of this statutory offense, and that the jury's verdict finding him guilty of having seduced her by reason of a promise to marry is not sustained by the evidence but is flagrantly against the same.

Appellant relies in support of this argument and contention chiefly upon the ground that the rule is so announced in the case of Garrison v. Commonwealth, 243 Ky. 253, 47 S. W. (2d) 1028, 1029, and the later similar case of Powell v. Commonwealth, 253 Ky. 68, 68 S. W. (2d) 754, 755, following it, in which the conviction of the defendants indicted under this section 1214 of the Statutes was reversed because of the court's finding that the evidence in those cases failed to show that the charged seduction of the prosecuting witnesses had

been accomplished by means of the defendants' promise to marry, but rather that the evidence showed the women were induced to give assent to the acts of intercourse, with which charged, by the mutual desire of the parties to gratify their lustful passion, which, where it was so induced—even though the parties might at the time be engaged—would not fall within nor be sufficient to sustain a conviction of the seduction offense condemned by this statute. In the Powell Case, supra, the court announced as the settled rule of this state that:

> "An act of intercourse induced by mutual desire of the parties to gratify a lustful passion, even though they may be engaged, does not fall within the statute. The gist of the offense is the promise, and the yielding in consequence thereof. Although there may be a promise of marriage, yet, if the woman is not induced thereby to yield her virtue, she is not seduced under promise of marriage. * * * All that we have from the prosecutrix is that she and appellant became engaged, and that about two months later he had intercourse with her. This, without more, is not sufficient to sustain a conviction."

It is thus apparent that the court in the Powell Case found no evidence or claim made by the prosecutrix that her seduction was induced or accomplished by reason of a promise of marriage. This is manifest from the cited language to the effect that "all that we have from the prosecutrix is that she and appellant became engaged, and that about two months later he had intercourse with her," which the court held was not sufficient to sustain a conviction within the statute for the reason stated, that "the gist of the offense is the promise, and the yielding in consequence thereof." The Powell and Garrison Cases are further distinguishable from the instant case in that in each of them there was evidence bringing into issue the chastity of the prosecutrix, several witnesses in each case testifying she was unchaste, and again in each case the defendant denied both the promise to marry and the intercourse.

In the instant case, the appellant, though denying having ever made a promise of marriage to prosecutrix, does not deny her chastity and admits his commission of the charged act of sexual intercourse with her upon the occasion in evidence, and it is further distinguishable from those cases in the determining fact that she

expressly testifies that she was induced to assent to the act of intercourse with the appellant "because of his promise to marry her."

Section 1214, Kentucky Statutes, condemning the offense of seduction, with which the appellant is here charged, reads in part as follows:

"Whoever shall, under promise of marriage, seduce and have carnal knowledge of any female under twenty-one years of age, shall be guilty of a felony. * * * *"

The indictment before us reads:

"The grand jury of Monroe County, * * * accuse Fred Hurt of the crime of seduction, committed as follows: The said Hurt in the county and commonwealth aforesaid on the —— day of ——, 1933, * * * did unlawfully, wilfully and feloniously *under the promise of marriage* seduce and have carnal knowledge of Clarice Harper a female then and there under the age of 21 years." (Italics ours.)

Construing the word "under" as used both in the quoted section of the statutes and also in the indictment found thereunder, the court in the Garrison Case, supra, said:

"The word 'under' in the statute is not used in the sense of 'during the existence of,' but has the meaning of 'by' or 'by reason of' or 'by means of.' An act of intercourse induced simply by mutual desire of the parties to gratify a lustful passion does not fall within the statute. The gist of the offense is the promise, and the yielding in consequence thereof."

In brief, the evidence in the instant case, which was by the trial court found sufficient to authorize submission of the case to the jury under the given instructions, requiring it to believe that the sexual act was obtained by promise of marriage, differs from the evidence heard in the cited cases relied upon, in that in the latter the evidence did not conduce to show that the assent of the prosecutrix to the act of intercourse with appellant was given or induced by reason of appellant's promise of marriage, which it appears was not claimed, but rather that their act was induced by the parties' mutual desire to gratify a lustful passion. In the instant case the prosecuting witness states that her yielding to appel-

lant's request for sexual intercourse with her was induced or caused, not by mutual desire, but by reason of his promise to marry her, or that her yielding of her virtue to him was in consequence thereof. The fact that nothing about marriage was said by either of the parties at the time the prosecutrix gave her assent to this act is not, we are of the opinion, within itself sufficient to negative her statement that her assent to its commission was nonetheless obtained in consequence of appellant's promise of marriage or by reason of her reliance on it. The rule as to this is also thus stated in section 1028, Roberson's Kentucky Criminal Law and Procedure, as follows:

> "In a prosecution for seduction under promise of marriage, on a plea of not guilty, it is encumbent on the commonwealth to prove the essential facts charged in the indictment * * *. Evidence of the commission of the offense is complete, so far as the commonwealth is concerned, when the prosecuting witness testifies to the promise of marriage and the act of intercourse following and induced by it."

In the instant case, though denied by appellant, the prosecuting witness testified that her consent to appellant's proposed wrongful act was induced by his promise of marriage previously made her. Their evidence being thus in conflict on this material and decisive point, it properly became the jury's problem to decide which of these conflicting statements it would believe, and it returned a verdict based upon its acceptance of the woman's version of her seduction as true. In so finding, we conclude, its verdict cannot be disturbed as being against the evidence, with the result that appellant's contention otherwise insisting is not to be sustained.

We are of the opinion, therefore, that the case was properly upon this evidence submitted by the court's instruction requiring the jury to believe therefrom, as necessary for the conviction of appellant, that the sexual intercourse, admitted by appellant in the instant case, was obtained by his promise of marriage, whether the same was then or previously given her, and that such promise constituted the inducement or cause of this chaste, 18 year old girl's giving her consent to appellant's proposal.

We therefore conclude that the trial court did not

err in its refusal to give a peremptory instruction upon this evidence or in overruling the appellant's motion for a new trial upon the ground that the verdict was flagrantly against the evidence.

The complained of instruction and holding of the trial court being thus in harmony with our views as hereinabove expressed, it follows that appellant's contentions, challenging the propriety of the judgment, cannot be sustained.

Judgment affirmed.