### Taylor v. Commonwealth.
(Decided Jan. 11, 1938.)

WILLIAM LEWIS & SON for appellant.

HUBERT MEREDITH, Attorney General, and A. E. FUNK, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE BAIRD—Reversing.

Ed Taylor was found guilty of seducing Lizzie Trett under promise of marriage, and from a judgment sentencing him to imprisonment of one year, he appeals.

The evidence is to the effect that Taylor was a suitor of Lizzie Trett; that he visited her at her home quite often, and attended church and Christian Endeavor with her for quite a while. He was at the time 21 years of age, Lizzie 15. Some time in June, 1936, the day of the month the evidence fails to disclose, Lizzie Trett was at her home when Taylor visited her. In the evening about the time it was getting dark, they went a short distance from the residence to what was known as the Kevy public road. There on the side of the road they had sexual intercourse for the first time. At that time no promise of marriage was made to her by Taylor. In fact, nothing was said about his marrying her at all. On another occasion, the time and place is not developed by the evidence, they again had sexual intercourse. At that time no agreement of marriage was made or anything said about marriage. However, in her testimony she stated that some time in the month of June, about a week before she had the first sexual

intercourse on the side of the road, Taylor, at the home of a girl friend in the neighborhood, agreed to marry her. She did not state that on either of the occasions where he had the sexual intercourse, referred to, she yielded herself to the act because he had promised to marry her.

It is the rule in this state that an act of intercourse induced by mutual desire of the parties to gratify a lustful passion, even though they may be engaged, does not fall within the statute. Ky. Stats., sec. 1214. The statute contemplates in the instant case that the yielding on the part of Lizzie Trett must have been exclusively in consequence of the promise of marriage to her on the part of Taylor. Garrison v. Commonwealth, 243 Ky. 253, 47 S. W. (2d) 1028; Powell v. Commonwealth, 253 Ky. 68, 68 S. W. (2d) 754.

The gist of the crime of seduction is: (1) The promise of marriage; and (2) sexual intercourse as a consequence of and by reason thereof. Gossage v. Commonwealth, 256 Ky. 532, 76 S. W. (2d) 596; Mackey v. Commonwealth, 255 Ky. 466, 74 S. W. (2d) 915.

The law is well settled that the statute is violated whenever a man seduces a woman less than 21 years of age under (meaning "by means of" or "because of") promise of marriage, then made or existing upon which she relies and because of which she yields. Meredith v. Commonwealth, 265 Ky. 380, 96 S. W. (2d) 1049.

We have carefully and critically examined her evidence and find no statement from her that the sexual act on her part was because of the promise of marriage. She does not state that Taylor made any promise of marrying her at the time of the intercourse, nor that he in any way induced her to yield to the act, except of her own volition. The fact that the intercourse occurred so close to her home and on the side of a public road and at a time when it was barely dark, or was just getting dark, is enough, we think, to produce the conclusion in the minds of the court that the motive on her part was to gratify a lustful passion. It is hard to believe that she would have committed the act at the time and place merely upon the promise on the part of Taylor to marry her. She does state, as aforesaid, that some time in June, about a week before the intercourse on the side of the road, at the home of a girl friend, he did promise to

marry her, but she does not state that any time was set for the marriage. On the contrary, she does state that nothing more was ever said between them about the marriage.

Taylor denied the sexual intercourse, as well as the promise of marriage. However, from a letter that he admitted writing to her, he stated in part that he "could not marry anyone now, for he could not keep himself up, much less a woman." There is nothing in the letter admitting or confessing that she had yielded to him on account of a promise of marriage or that he had ever had intercourse with her at any time.

It is in evidence that her chastity and general moral character in the community where she lived, and among those with whom she associated was bad. In fact, one witness testified to the effect that he had intercourse with her at one time. Other witnesses made statements as to her acts that indicated immorality and lack of chastity. She denied that she had ever had intercourse with anyone except Taylor; in fact, denied all the immoral acts that the witnesses for appellant attributed to her.

The commonwealth offered some testimony that to a limited extent bolstered her reputation in the community for morality and chastity.

From a careful consideration of the entire record, the court has reached the conclusion that the evidence was not sufficient to justify a verdict that the sexual intercourse complained of was in consequence of or by reason of the promise of marriage on the part of Taylor. Consequently, the court erred in refusing a peremptory instruction at the conclusion of the commonwealth's evidence. As the case must be reversed, it is unnecessary to discuss the other alleged errors.

The judgment is reversed.