# Richmond.

| 109 821 |
| f109 852 |

## JENNINGS v. COMMONWEALTH.

### March 18, 1909.

1. CRIMINAL LAW—*Seduction—Unmarried Female—Divorced Woman.*— A woman who has been married and divorced is not an "unmarried female" within the intendment of section 3677 of the Code providing punishment for the seduction of "any unmarried female of previous chaste character." Criminal laws are not to be extended by construction, but must be limited to cases clearly within the language used.

· Error to a judgment of the Circuit Court of Louisa county.

*Reversed.*

· The opinion states the case.

· *Gorden & Gorden,* for the plaintiff in error.

*Robert Catlett, Assistant to the Attorney General,* for the Commonwealth.

WHITTLE, J., delivered the opinion of the court.

The accused, Charles Jennings, brings error to a judgment of the Circuit Court of Louisa county, by which he was convicted of seduction of the prosecutrix under promise of marriage, and sentenced to two years confinement in the State penitentiary.

The prosecution arose under Va. Code, 1904, section 3677. ·That portion of the section applicable to this case is as follows: "If any person, under promise of marriage, seduce and have

illicit connection with any unmarried female of previous chaste character * * * he shall be guilty of a felony, and, upon conviction thereof, shall be punished by confinement in the penitentiary not less than two, nor more than ten years."

The female alleged to have been seduced was a divorced woman, and the sole question for our determination is whether or not a woman who has been married and divorced is an "unmarried female" within the intendment of section 3677.

It is conceded that in its ordinary and primary sense the word "unmarried" means "never having been married"; but it is contended that the term is of flexible import, and that circumstances may be sufficient to show that it is used in the less comprehensive sense of "not having a husband or wife at the time in question." 2 Bouvier's Law Dist. 1181; Words and Phrases, 7196.

In *Pratt* v. *Mathew*, 22 Beavan, 328, Sir John Romilly, master of the rolls, held that in a gift to a woman unmarried at the time, with direction that if she dies unmarried it shall go over, the word "unmarried" is to be construed as "never having been married." Though he says, the meaning of the word is to be determined according to the circumstances attending its use.

This statement of the rule is settled by numerous decisions. *Day* v. *Barnard*, 30 Law Journal (Eq.) 220; *Dalrymple* v. *Hall*, L. R. 16 Chy. Div. L. R. 715; *Moberly* v. *Strode*, 3 Vesey, Jr. 450; *Bell* v. *Phyn*, 7 Vesey, Jr. 455; *Clarke* v. *Cotts*, 9 H. L. Cas. 601; *Hall* v. *Robertson*, 21 Eng. L. & E. R. 504; *Heywood* v. *Heywood*, 29 Beevan, 9; *Radford* v. *Willis*, L. R. 7 Ch. App. Cas. 7; *Mertens* v. *Walley*, L. R. 26 Ch. Div. 576; *Blundell* v. *Defalbe*, 57 L. J. Ch. 576.

There is nothing in the context of this act to indicate that the legislature employed the word "unmarried" otherwise than in its usual and ordinary sense; and, being a highly penal statute, we must construe it strictly in the interest of the liberty of the citizen. It is a rule of general application that

such statutes are not to be extended by construction, but must be limited to cases clearly within the language used. *Fox's Admr.* v. *Com'th,* 16 Gratt. 1; *Harris* v. *Com'th,* 81 Va. 240, 59, Am. Rep. 666; *Street* v. *Broaddus,* 96 Va. 825, 32 S. E. 466; *Gates* v. *City of Richmond,* 103 Va. 702, 49 S. E. 965.

In the case of *United States* v. *Leacher,* 134 U. S. 624, 33 L. Ed. 1080, 10 Sup. Ct. 625, Fuller, C. J., observes: "There can be no constructive offenses, and before a man can be punished, his case must be plainly and unmistakably within the statute."

So, in the case of *United States* v. *Wiltberger,* 5 Wheat. 76, 95, 5 L. Ed. 37, Marshall, C. J., lays down the principle as follows: "The rule that penal laws are to be construed strictly is perhaps not much less old than construction itself. It is founded on the tenderness of the law for the rights of individuals; and on the plain principle, that the power of punishment is vested in the legislative, not in the judicial, department. It is the legislature, not the court, which is to define a crime, and ordain its punishment * * *. The case must be a strong one indeed, which would justify a court in departing from the plain meaning of words, especially in a penal act, in search of an intention which the words themselves did not suggest. To determine that a case is within the intention of a statute, its language must authorize us to say so. It would be dangerous indeed to carry the principle, that a case which is within the reason or mischief of a statute is within its provisions, so far as to punish a crime not enumerated in the statute, because it is of equal atrocity, or of kindred character, with those which are enumerated." See also Bishop on Stat. Crimes, sec. 193.

In this sort of offenses, at common law, the woman was considered *particeps criminis,* and the man was not punishable criminally for his participation in the joint delinquency. *Anderson* v. *Com'th,* 5 Rand. 627, 16 Am. Dec. 776. But in process of time, experience and a more enlightened public sentiment

showed, that in many instances unmarried females of chaste character needed the protection of the strong arm of the law to shield them in their innocency from the lustful machinations of evil-disposed men, who resorted to the blandishments of courtship and false promises of marriage to accomplish the ruin of their too confiding victims.

But the case is wholly different with women who have been married. They have known man; and, possessed of the knowledge which such intercourse imparts, if chaste, are immune from the seducer's wiles.

It is the purpose of the enactment under consideration, as gathered both from the language and the reason of the law, to include the former and not the latter class of females.

For these reasons, we are of opinion to reverse the judgment of the circuit court, and remand the case for a new trial.

*Reversed.*