Argued January 17, reversed January 25, 1916.

## STATE v. WALLACE.*

(154 Pac. 430.)

**Seduction—Seduction of Divorced Woman—"Unmarried Female."**

1. Section 2076, L. O. L., providing if any person, under promise of marriage shall seduce and have illicit intercourse with any *unmarried female* of previous chaste character, upon conviction shall be punished by imprisonment or a fine, is intended to safeguard the virtue of a chaste widow just as much as a woman who has never been married, and a divorced woman is within the contemplation of the statute punishing the crime of seduction.

**Seduction—Instruction as to Corroborating Testimony Necessary.**

2. During a trial for seduction under a promise of marriage certain letters written by defendant to the prosecutrix were introduced in evidence, but were not identified or proven to have been written by defendant, except by the testimony of the prosecutrix. *Held* the instruction requested by defendant relating to corroborating testimony should have been given, the refusal of which constituted reversible error.

[As to criminal liability for seducing under promise of marriage, see 76 Am. St. Rep. 672.]

From Lane: JAMES W. HAMILTON, Judge.

The defendant, Charles L. Wallace, was indicted for the crime of seduction under promise of marriage, and,

---

*On seduction of divorced woman or widow, see note in 21 L. R. A. (N. S.) 265.

As to letters identified only by the prosecutrix as corroboration of her testimony to prove seduction, see note in 49 L. R. A. (N. S.) 1198.

REPORTER.

having been convicted and sentenced thereon, prosecutes this appeal.                          REVERSED.

For appellant there was a brief over the names of *Mr. William B. Dillard* and *Mr. Lark Bilyeu,* with an oral argument by *Mr. Bilyeu.*

For the state there was a brief and an oral argument by *Mr. J. M. Devers,* District Attorney.

Department 2.  MR. JUSTICE BENSON delivered the opinion of the court.

1. It is contended by appellant that, since it appears conclusively from the record that at the time of the commission of the alleged crime the prosecutrix was a divorced woman, she was not "an unmarried female" within the meaning of the statute, and that therefore the defendant was entitled to an instructed verdict of acquittal.  The statute under which the prosecution is maintained provides that:

"If any person, under promise of marriage, shall seduce and have illicit connection with any unmarried female of previous chaste character, such person, upon conviction, shall be punished," etc.

Our attention has been called to but one reported case directly in point, namely, *Jennings* v. *Commonwealth,* 109 Va. 821 (63 S. E. 1080, 132 Am. St. Rep. 946, 17 Ann. Cas. 64, 21 L. R. A. (N. S.) 265), in which it was held, under a statute practically identical with ours, that the phrase "an unmarried female" should be construed to mean a woman who has never been married, and that the seduction of a divorced woman is not a violation of the law.  In *Pratt* v. *Mathew,* 22 Beav. 328, it is said that the word "unmarried" does not necessarily mean "without having been married,"

and that no fixed meaning can be assigned to it, but it must be determined according to the circumstances of the case. This authority has been cited with approval by many of the courts, and indeed is approved in the case of *Jennings* v. *Commonwealth,* 109 Va. 821 (63 S. E. 1080, 132 Am. St. Rep. 946, 17 Ann. Cas. 64, 21 L. R. A. (N. S.) 265), in which case the court argues that since a divorced woman has necessarily had experience in the lecherous ways of men, she is immune from their wiles and does not need the protection of the law. We cannot agree with this interpretation, however, for the spirit of the law does not and cannot take into consideration the wisdom and experience of those whom it undertakes to protect from wrong. We entertain the view that law is intended for the safeguarding of the virtue of the chaste widow just as much as for that of the woman who has never been a wife.

2. Upon the trial the defendant requested the court to charge the jury as follows.:

"That the letters alleged to have been written by the defendant to prosecutrix were not identified or proved to be letters of the defendant except by the prosecutrix's testimony; hence they do not afford evidence corroborating prosecutrix's testimony."

This instruction was refused, and such refusal is assigned as error. The record discloses that certain letters were introduced in evidence which, according to the testimony of prosecuting witness, were written by the defendant and received by her through the mails. No other evidence was offered as to the identity of the missives, and they were relied upon by the state to corroborate the prosecutrix as to the essential elements of the crime charged. We have found but few cases which discuss the question thus presented, but all of those to which our attention has been called

support defendant's contention. - In a case similar to the one under consideration the Court of Criminal Appeals of Texas says:

"The prosecuting officers evidently relied on the letters said to have been written by appellant and introduced in evidence. Miss Harrison testified that the letters were written by appellant, and this rendered them admissible in evidence; but could they be used to corroborate her, when she alone testified that they were written by appellant? Eliminate her testimony, and the letters go with it. If it was desired to use the letters as corroborative testimony, some evidence, other than that of Miss Harrison, should have been introduced, tending to show that appellant wrote the letters. An accomplice cannot corroborate herself. And no testimony she gives can be so used. * * This charge should have been given": *Bishop* v. *State,* 151 S. W. 821.

To the same effect are the cases of *Smith* v. *State,* 58 Tex. Cr. R. 106 (124 S. W. 919); *Rogers* v. *State,* 101 Ark. 45 (141 S. W. 491, 49 L. R. A. (N. S.) 1198); *Carrens* v. *State,* 77 Ark. 16 (91 S. W. 30); *James* v. *State,* 72 Tex. Cr. R. 155 (161 S. W. 472). We conclude, then, that the court erred in refusing to give the instruction as requested, and the judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE McBRIDE concur.