STATE, Respondent, v. EDDY, Appellant.

(167 N. W. 392.)

(File No. 4312.   Opinion filed May 1, 1918.)

1. **Seduction—"Promise of Marriage," Verbal Acceptance, Necessity of—Statute Construed—Submission, as Acceptance.**

In a prosecution for seduction of a widow under promise of marriage, held, that a verbal acceptance by prosecutrix of such promise need not be proven in order to constitute the crime; there being no legal warrant for changing the words "under promise of marriage" in Pen. Code, Sec. 336, so as to read "under contract of marriage." Held, further, that if acceptance of the promise were necessary, submission by prosecutrix to the act of sexual intercourse would constitute such acceptance.

2. **Same—Widow, Whether "Unmarried Female of Previous Chaste Character"—Statute.**

A widow is "an unmarried female of previous chaste character," within Pen. Code, Sec. 336, providing for punishment of seduction of "any unmarried female of previous chaste character;" the legislative intent in enacting said statute be-

ing to safeguard the virtue of the chaste widow and all unmarried women, whether spinsters, widows, or divorced women.

Appeal from Circuit Court, Hanson County. Hon. FRANK B. SMITH, Judge.

The defendant, Joe Eddy, was convicted of the crime of seduction of a widow under promise of marriage, and he appeals. Affirmed.

*Frank Vincent,* and *W. J. Ellwood,* for Appellant.

*Clarence C. Caldwell,* Attorney General, and *T. F. Auldridge,* for Respondent.

(2) To point two of the opinion, Appellant cited: State v. Patterson 57 Am. Rep. 374; Kirby v. Long 7 Upper Canada Common pleas reports, 363; Anderson v. Rennie 12 Upper Canada common pleas reports, 536; Jennings v. Commonwealth, 109 Virginia 821; 63 S. E. 1080; 21 L. R. A. New Series 265; United States v. Lachier, 134 U. S. 624 33 L. Ed. 1080, 10 Sup. Ct. Rep. 625.

Respondent cited: State v. Sargent, 62 Wash. 692, 114 Pac. 868, 35 L. R. A. (N. S.) 173; State v. Wallace (Ore.) L. R. A. (N. S.) 1916D, 457, and People v. Weinstock, 1912, 140 N. Y. Supp. 455.

GATES, J. The defendant was convicted of the crime of seduction of a widow under promise of marriage.

[1] But two questions are properly presented by the appeal record. It is contended that, inasmuch as the record is silent as to a verbal acceptance by the prosecutrix of the promise of marriage, no mutual promise was disclosed, and therefore no crime was committed. We are unaware of a judicial decision which would, in effect, sanction the changing of the words "under promise of marriage" in section 336, Pen. Code, so as to read "under contract of marriage." If an acceptance of the promise on the part of the prosecutrix were necessary, it is unthinkable that the submission on her part to the act of sexual intercourse on the strength of the promise did not constitute such acceptance.

[2] It is next contended that a widow cannot be considered to be "an unmarried female of previous chaste character" within the meaning of said section of the Code. Indeed, counsel boldly assert that a widow is necessarily both unchaste and a married person in the view of said statute. In support of their contention

they cite certain Canadian decisions rendered in civil actions, but chiefly rely upon the decision in Jennings v. Commonwealth, 109 Va. 821, 63 S. E. 1080, 21 L. R. A. (N. S.) 265, 132 Am. St. Rep. 946, 17 Ann. Cas. 64, which squarely supports the logic of their contentions. After speaking of the protection extended by the law to innocent females the Virginia court said:

"But the case is wholly different with women who have been married. They have known man; and, possessed of the knowledge which such intercourse imparts, if chaste, are immune from the seducer's wiles."

It is our opinion that this statement is entirely too broad. It might properly be the basis of an argument to the jury in the discussion of the question whether the prosecutrix really relied upon the promise, but we think no court should say as a matter of law that a woman who has been married is incapable of being the victim of seduction. After criticising that decision the Oregon Supreme Court, in State v. Wallace, 79 Or. 129, 154 Pac. 430, L. R. A. 1916D, 457, said:

"We entertain the view that law is intended for the safeguarding of the virtue of the chaste widow just as much as for that of the woman who has never been a wife."

In People v. Weinstock, 140 N. Y. Supp. 453, the subject was extensively reviewed, and the conclusion was reached that the words "unmarried female" in a similar statute included all unmarried women, whether spinsters, widows, or divorced women.

We are of the opinion that the intent of the Legislature in enacting section 336, Pen. Code, should be deemed to be as determined in the Oregon and New York decisions above cited. We decline to accede to an interpretation of the statute that would, in effect, declare all married women to be unchaste.

The judgment and order appealed from are affirmed.