## Bowles v. Commonwealth.

June 7, 1949.

592

Marion Vance and William Y. Handy for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HELM—Affirming.

The appellant, Homer Bowles, was charged with seduction. The jury found him guilty and fixed his punishment at one year in the state penitentiary. From a judgment entered on that verdict, he appeals.

On Sepember 7, 1948, the grand jury of Barren county returned the following indictment:

"The Grand Jury of Barren County, in the name and by the authority of the Commonwealth of Kentucky, accuse Homer Bowles of the crime of seduction committed in manner and form as follows, to-wit:

"The said defendant Homer Bowles in the said county of Barren, on the ———— day of October 1947 and before the finding of this indictment, did unlawfully, willfully, feloniously, under a promise of marriage have carnal knowledge of Elsie Beasley, a female then and there under the age of 21 years, the said Homer Bowles being a single man more than 25 years of age.

"Contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the Commonwealth of Kentucky."

Summarizing the testimony at the trial on September 14, 1948:

The prosecuting witness, Elsie Beasley, single, 21 years of age on July 29, 1948, and appellant "started going together on December 26, 1946." She had sexual

relations with him, the first time on January 20, 1947, about a mile from Glasgow at the Arnett Grove school house in Barren county. She had intercourse with him "because he promised to marry" her. They continued to have intercourse and to keep company together until he "quit going with" her in December, 1947. On different occasions he promised to marry her; once in the presence of her sister, and another in the presence of her mother. At the time they quit going together, she insisted on his marrying her but he refused and still refuses. She is ready and willing to marry him.

Ruby Gibbons, sister of, and C. M. Beasley, father of the prosecuting witness, corroborated her testimony.

The appellant, Homer Bowles, 26 years of age, single, served in the armed forces, first heard about Elsie Beasley about two years ago; he was passing by her house one day about six o'clock in the afternoon in 1946; she spoke to him; he stopped, and she told him she would like to see him again sometime. About eight o'clock that night he met her some 350 yards from her house, "in the woods back of her house," had intercourse there with her and gave her a dollar. He was not with her at the Arnett school house in January, 1947. He did not make her any promise of marriage at anytime from the first time he met her until he testified. He says she did ask him to marry her, and that "I told her I didn't want her." She wrote him letters in which she used common, vulgar words, asking him to come and meet her in the woods. He "never did go to her home. * * * Never sweethearted her at all." The only time he ever went out with her was once in a car with Veachel Patrick; they both had intercourse with her near the new tobacco barn location; he had intercourse with her six or seven times, from the first time up until the time he quit going with her.

Orbie Whitlow said he had had improper relations with her. A number of witnesses testified that her reputation for veracity, chastity and morality was bad. A number of witnesses testified that appellant's reputation for veracity, chastity and morality was good.

The prosecuting witness, in rebuttal, denied having had improper relations with anyone except appellant;

denied meeting appellant in the woods on the occasion testified to by him; denied that he gave her money, and denied writing him letters.

Mrs. Carl Beasley, mother of Elsie, testified that appellant visited her daughter at her home three or four times a week, and they went out together on different occasions. C. M. Beasley, father of Elsie, and Wayne Beasley, her brother, corroborated her, as did Sam Dilley, R. E. Bowles and Charlie Horton. Roberta Duke, Fred Duke, Alta Hoover, Harry Hoover and Charlie Horton testified to the good reputation of Elsie for chastity, virtue and morality. None of them had heard anything against her until this case came up.

Appellant seeks reversal of the judgment for the following reasons:

1. The general demurrer to the indictment should have been sustained.

2. Failure of trial court to admonish jury relative to other similar acts being corroborative of the act elected.

3. Instructions were erroneous.

4. Improper argument of special prosecutor for Commonwealth in his concluding speech to the jury.

In support of his first contention, appellant cites Garrison v. Commonwealth, 243 Ky. 253, 47 S. W. 2d 1028, 1029. The indictment in the Garrison case provided, in part: "On the ———— day of ———— A. D. 192—, and before the finding of this indictment * * *." In that case we said:

"The statute provides: 'All prosecutions under this section shall be instituted within four years after the commission of the offense.' It is the established rule that, where a prosecution may be barred by lapse of time, the indictment must allege that the offense was committed within the time limited, or within a period short of that time, or the date of the offense must be stated within that time. * * *Neither requirement was met by the indictment in question. The date of the offense was left blank, and it was not alleged that the offense was committed within four years before the find-

ing of the indictment, or within any period short of that time. Therefore the indictment is fatally defective. * * *''

The Garrison case is not in point in this case. The date is set out in the indictment here.

Appellant, in his brief, says: ''The indictment charged commission of the offense on * * * ———— day of October, 1947, * * *. However, the appellee did not pursue conviction upon this date but elected the act about which substantive evidence was first introduced; i. e., January 20th, 1947. * * * It is immaterial whether the appellee elects to prosecute upon a date different from that alleged in the indictment.'' Appellant admits that the indictment is good, but complains because of ''failure of court to instruct jury either by verbal admonition or by written instructions with reference to other similar acts of intercourse other than the one elected being incompetent only as corroborative evidence.''

We have carefully checked the testimony for the Commonwealth and do not find any objection to the testimony as to the other acts of intercourse, or request of counsel for admonition by the court. The failure to give an admonition on corroboration was not error here, because such admonition was not specially requested. Appellant, by failing to request the court to admonish the jury, waived his right to have an admonition given.

Appellant complains of the instructions given by the trial court. Appellant's counsel offered an instruction similar to that set out in Stanley's Instructions to Juries, section 968, and approved in Byrley v. Commonwealth, 264 Ky. 403, 94 S. W. 2d 1008, 1009. The trial court gave an instruction similar to that set out by the author in section 969. In the instruction as given by the court are the words:

''You are instructed that before you can find the defendant guilty of the offense charged in the indictment you must believe from the evidence, beyond a reasonable doubt, First: that at the time the defendant first had sexual intercourse with the prosecuting witness, Elsie Beasley, that the said Elsie Beasley was a chaste and virtuous woman; second, that at said time the said

prosecuting witness was under twenty one years of age; third, that the agreement of the said Elsie Beasley to permit the defendant to have sexual intercourse with her was induced by his promise to marry her, and that but for such promise she would not have agreed to permit him to have sexual intercourse with her."

The Commonwealth, by the testimony of the prosecuting witness, elected to prosecute because of the act about which substantive evidence was first introduced, January 20, 1947. This is "the time the defendant first had sexual intercourse with the prosecuting witness," as set out in the instruction and according to the testimony of the prosecuting witness and about this the jury could not have been misled. This instruction clearly defines the elements of seduction.

Appellant complains of the closing argument made for the Commonwealth by counsel employed to assist in prosecuting the case. The transcript of the testimony does not give the closing arguments of counsel. Appellant, in his motion and grounds, does refer to what he describes as improper statements in the closing argument for the Commonwealth, and appellant's motion and grounds for a new trial are copied in the bill of exceptions. But nowhere in the bill of exceptions is any reference made to improper argument, except the reference in the motion and grounds as copied.

In Rivers v. Commonwealth, 212 Ky. 329, 279 S. W. 328, 330, we said:

"Appellant complains of the closing argument made for the Commonwealth by counsel employed to prosecute this case. We find, however, that the bill of exceptions does not show that any objection was made to any of the argument of the attorney, or that the court ruled on any objection so made, or that any exception was taken; hence, under section 282 of the Criminal Code of Practice, we may not consider that question. See, also Lexington & E. R. Co. v. Crawford, 155 Ky. 723, 160 S. W. 267, and cases cited therein."

In Fannin v. Commonwealth, 200 Ky. 635, 255 S. W. 514, 515, we said:

"* * * It is an established rule of this court that improper conduct of counsel in the closing argument to

the jury cannot be considered on appeal unless it is authenticated by the lower court in a bill of exceptions. * * * ,,

The improper argument of counsel for the Commonwealth, if any, not having been authenticated by the trial judge in the bill of exceptions, we are unable to consider that question here.

We find no errors in the record prejudicial to the substantial rights of appellant.

The judgment of the circuit court is affirmed.