**James R. AMBURGEY, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 24, 1967.

Rehearing Denied June 16, 1967.

Claude Asbury, Catlettsburg, Burnis Martin, Prestonsburg, for appellant.

Robert Matthews, Atty. Gen., Lloyd R. Cress, Asst. Atty. Gen., Frankfort, W. B. Arthur, Commonwealth's Atty., Ashland, for appellee.

MONTGOMERY, Judge.

James R. Amburgey was convicted of seduction and sentenced to confinement for one year. On appeal he urges that the crime of seduction cannot be committed upon a divorcee; that the trial court erred in the admission of testimony and in the instructions given to the jury; and that re-

versible error was committed by failing to have the grand jury proceedings reported.

KRS 436.010(1) provides:

"Any person who, under promise of marriage, seduces and has carnal knowledge of any female under twenty-one years of age, shall be confined in the penitentiary for not less than one nor more than five years."

Mary Ruth Howard, the prosecuting witness, was a divorcee at the time of her seduction. Appellant contends that KRS 436.010 applies only to a female who has never been married. The theory advanced is that once a woman has been married she can no longer be considered a chaste person, and that by reason of her marriage she has become so knowledgeable that she is immune to the wiles of a seducer.

Appellant's argument is based on Jennings v. Commonwealth, 109 Va. 821, 63 S.E. 1080, 21 L.R.A., N.S., 265, 132 Am.St. Rep. 946, 17 Ann.Cas. 64. Jennings was approved in Evans v. Commonwealth, 183 Va. 775, 33 S.E.2d 636. The Virginia decision was based on the interpretation of a statute concerned with "any unmarried female of previous chaste character." "Unmarried" was construed to mean "never having been married."

A general statement of the rule appears in 47 Am.Jur., Seduction, Section 14, page 638, as follows:

"In accordance with the view that chastity does not necessarily connote virginity, it has been said that the spirit of the law penalizing seduction does not and cannot take into consideration the wisdom and experience of those whom it undertakes to protect from wrong. Accordingly, it has been held that the law creating criminal seduction safeguards the virtue of the chaste widow or divorced woman just as much as that of the woman who has never been a wife, although the contrary has been held in at least one

case. It is interesting to note in this connection that 'the Roman law made penal the seduction of widows as well as virgins.'"

■ Seduction statutes are generally construed to include all unmarried women, whether spinsters, widows, or divorcees. 79 C.J.S. Seduction § 33, page 987. See People v. Weinstock, Mag.Ct., 140 N.Y.S. 453; State v. Wallace, 79 Or. 129, 154 P. 430, L.R.A.1916D, 457; and State v. Eddy, 40 S.D. 390, 167 N.W. 392.

■ The rule here has long been that in order to sustain "a conviction under this charge it must appear that the seduced female was of chaste character at the time of the intercourse. However, the fact that she at one time left the path of virtue and became unchaste will not defeat a conviction if the evidence shows her to be a chaste woman for a reasonable time immediately before such intercourse." Hoskins v. Commonwealth, 188 Ky. 80, 221 S.W. 230, and cases therein. See also Byrley v. Commonwealth, 264 Ky. 403, 94 S.W.2d 1008; and Holt v. Commonwealth, Ky., 259 S.W.2d 463. Under such rule certainly a divorcee is entitled to be protected by KRS 436.010.

The prosecutrix was permitted to testify concerning a telephone conversation with the appellant in which he "asked what it would take to drop the charges." In Gossage v. Commonwealth, 256 Ky. 532, 76 S.W.2d 596, a conviction of seduction was affirmed. The admission into evidence of letters written by the seducer by which he offered cash in settlement of the prosecution was approved.

■ Appellant relies on Bennett v. Commonwealth, 234 Ky. 333, 28 S.W.2d 24. In Bennett, the testimony of a Commonwealth's attorney to the effect that the defendant offered to plead guilty in return for assurance that he would not receive the death penalty was held to be inadmissible because of the confidential relationship of the officer. This was pointed out in Bond v. Commonwealth, 236 Ky. 472, 33 S.W.2d 320, wherein the owner of stolen property was permitted to testify that after indictment and before trial the defendant had inquired of him as to how much it would take to compromise the prosecution. Here, the prosecutrix bore no confidential relationship to the appellant. The telephone conversation was properly admitted as a "substantial basis for an inference of guilt." Taylor v. Commonwealth, Ky., 403 S.W.2d 713.

■ Complaint is made that the court failed to define the terms "seduction," "divorcee," "chaste," and "virtuous." The court gave four instructions. The first instruction was couched in the language of the statute. Generally this is sufficient to define seduction. Bush v. Commonwealth, 205 Ky. 14, 265 S.W. 468; Fogle v. Commonwealth, 210 Ky. 745, 276 S.W. 814; Nunley v. Commonwealth, 307 Ky. 274, 210 S.W.2d 962.

■ Appellant's insistence that the court should have defined the four terms is based on the theory that because the prosecutrix had been divorced she should be considered unchaste. The fallacy of this contention has been demonstrated. The prosecutrix had had a couple of dates with another man. There is nothing in the record to reflect on the chastity of the prosecutrix. Chastity was not properly in issue and there was no need for the definitions sought. Scalf v. Commonwealth, 262 Ky. 469, 90 S.W.2d 729; Byrley v. Commonwealth, 264 Ky. 403, 94 S.W.2d 1008.

■ The appellant's contention that error was committed by a failure to instruct on sexual intercourse from a mutual desire of the parties is without substance inasmuch as such an instruction was given. The third and fourth instructions were on reasonable doubt and defined "willfully" and "feloniously."

The four instructions given were proper and were in the approved form. 3 Stanley's Instructions to Juries, Sections 968 and 969; Bowles v. Commonwealth, 310 Ky. 591, 221 S.W.2d 459; Holt v. Commonwealth, Ky., 259 S.W.2d 463.

Finally, appellant argues that the indictment should have been quashed because he was not furnished a transcript of the testimony presented to the grand jury. There is no merit in this contention for several reasons. No such motion was made. True, a motion for a transcript was made but did it not ask that the indictment be quashed. Another motion was made on other grounds on which a dismissal of the indictment was sought.

RCr 5.16 does not require that the testimony of witnesses before a grand jury be taken and transcribed. In White v. Commonwealth, Ky., 394 S.W.2d 770, it was held that a defendant had no cause to complain of the overruling of his motion for a transcript of the stenographic notes of the testimony before the grand jury when no such notes were made.

As a part of appellant's motion he also asked that the prosecutrix submit herself for cross-examination for the purpose of discovery. Apparently this was the purpose of appellant's motion in seeking the transcript. If so, there is another reason why there was no error in overruling the motion. He was furnished with a detailed summary of her expected testimony of more than five pages in length. Especially was there no error on the trial on which he was convicted because the prosecutrix apparently had testified and had been subjected to cross-examination on a former trial. Under such circumstances appellant had full knowledge of her expected testimony and was not prejudiced.

Judgment affirmed.

All concur except HILL, J., not sitting.