# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## WILSON RALPH PRICE v. COMMONWEALTH OF VIRGINIA.

December 6, 1968.

Record No. 6838.

Present, All the Justices.

*Franklin J. Carter* (*E. Brodnax Haskins,* on brief), for plaintiff in error.

*Richard N. Harris, Assistant Attorney General* (*Robert Y. Button, Attorney General,* on brief), for defendant in error.

BUCHANAN, J., delivered the opinion of the court.

A grand jury of the Hustings Court returned an indictment against Wilson Ralph Price, herein referred to as defendant, which charged that he did unlawfully and feloniously "place or cause to be placed on the property of the City of Richmond a burning or flaming cross, against the peace and dignity of the Commonwealth of Virginia."

It is agreed that this indictment was based on § 18.1-365 of the Code of Virginia, which provided:

"It shall be unlawful for any person or persons to place or cause to be placed on the property of another in the Commonwealth of Virginia a burning or a flaming cross, or any manner of exhibit in which a burning or flaming cross, real or simulated, is a whole or a part, without first obtaining written permission of the owner or occupier of the premises so to do."

Defendant entered a plea of not guilty and was tried by a jury which found him guilty, fixed his punishment at three years in the penitentiary and he was sentenced accordingly. He was granted a writ of error and here asserts, as his principal contention, that § 18.1-365 did not apply to city streets. He contends also that the Commonwealth did not prove lack of permission and that the statute is unconstitutional.

The evidence established that the cross was placed and burned by the defendant on a sidewalk of the City of Richmond in front of the premises of No. 1212 North Boulevard, occupied by North American Transmission.

Section 18.1-365 originated as Chapter 483, Acts of Assembly, 1952, entitled: "An Act to prohibit the wearing of masks in certain places except under certain circumstances; to prohibit the placing of certain exhibits on the property of another, except under certain conditions, and to prohibit the placing of certain exhibits for certain purposes, within the State." Acts 1952, p. 777.

It was the second of four sections of that Act. Section 1 prohibited any person over sixteen years of age while wearing a mask "to be or appear in any public place," or "to be or appear upon any private property in this State" without a permit in writing "from the owner or tenant thereof," with exceptions not here material.

Section 2 was in the words of Code § 18.1-365, *supra*, before its amendment in 1968.

Section 3 made it unlawful for any person masked or unmasked to place or cause to be placed "anywhere in the Commonwealth of Virginia" any exhibit or do any act "with the intention of intimidating any person or persons," and thereby prevent them from doing any lawful act or cause them to do an unlawful act.

Section 4 fixed the punishment for violating the above sections.

These sections were recodified without change by Chapter 358 of the Acts of 1960, at page 479, and given Code numbers as they now appear in the 1960 Replacement Volume 4 of the Code, *i.e.*, §§ 18.1-364, 18.1-365, 18.1-366 and 18.1-367.

■ Defendant contends that § 18.1-365 did not apply to city streets; that being a criminal statute it must be construed strictly against the Commonwealth; that any extension beyond its words by implication or construction is forbidden; that the act committed must be within both the letter and the spirit of the statute; and that the defendant is entitled to the benefit of any reasonable doubt in the construction of the statute. Our cases support this contention.

In *Gates & Son Co.* v. *Richmond*, 103 Va. 702, 49 S.E. 965, a city ordinance provided that no person could place any porch, step, fence "or other projection which shall project into any street" on penalty of a fine. Defendant was charged with violating the ordinance by placing a "skid" composed of two parallel pieces of timber from his store across the sidewalk to deliver to wagons in the street. For this he was fined, but on appeal his conviction was reversed by this court in an opinion which stated these principles:

"This is a penal ordinance, and is, therefore, to be construed strictly. It is not to be extended by implication, and must be limited in its application to cases clearly described by the language employed. The books abound with cases illustrating this principle, which is of universal application, except in particular instances in which the doctrine has been modified by statute. * *

"In *United States* v. *Wiltberger*, 5 Wheat. 76, 5 L. Ed. 37, Marshall, C.J., observes: 'The rule that penal laws are to be construed strictly is, perhaps, not much less old than construction itself. It is founded in the tenderness of the law for the rights of individuals, and on the plain principle that the power of punishment is vested in the legislative, not the judicial, department. * *

" 'It would be dangerous, indeed, to carry the principle, that a case which is within the reason or mischief of a statute, is within its provisions, so far as to punish a crime not enumerated in the statute, because it is of kindred character with those which are enumerated.'

" 'There can be no constructive offenses, and before a man can be punished, his case must be plainly and unmistakably within the statute.' Chief Justice Fuller, in *U. S.* v. *Lacher*, 134 U.S. 624, 33 L. Ed. 1080, 10 Sup. Ct. 625." 103 Va. at 704, 705, 49 S. E. 965.

See also *Jennings* v. *Commonwealth*, 109 Va. 821, 63 S.E. 1080; *Enoch* v. *Commonwealth*, 141 Va. 411, 436, 126 S.E. 222, 230, stating that an accused is as much entitled "to the benefit of a reasonable doubt about the law as about the facts"; *Sellers* v. *Bles*, 198 Va. 49, 53, 92 S.E.2d 486, 489, and *Wade* v. *Commonwealth*, 202 Va. 117, 122, 116 S.E.2d 99, 103.

" 'A penal statute cannot be extended by implication, or be made to embrace cases which are not within its letter and spirit. Such statutes are always construed strictly against the State and in favor of the liberty of the citizen.' * *" *McKinney* v. *Commonwealth*, 207 Va. 239, 243, 148 S. E.2d 829, 831-2.

■ The Attorney General asserts that we have clearly held that the word "another" as used in a criminal statute means "another person" and that a municipality is a person. His reference is to *Hanbury* v. *Commonwealth*, 203 Va. 182, 122 S. E.2d 911.

The assertion is too broad. In *Hanbury* the defendant engaged in forging and using on packages of cigarettes a rubber stamp which falsely stated that the tax thereon due the City of Lynchburg had been paid. He was indicted and convicted under § 18.1-96 of the Code which provides that if any person forge any writing (with stated exceptions) "to the prejudice of another's right," he shall be punished as therein provided. We said that the rights of the City were prejudiced by the use of the forged stamp and "The city is a 'person' whose

rights may be prejudiced by a forgery. Code § 1-13 (19)." 203 Va. at 187, 122 S.E.2d at 914.

Code § 1-13.19 (as it is now designated) provides: "The word 'person' may extend and be applied to bodies politic and corporate as well as individuals."

The word "may" is permissive. Its use necessarily means that the word "person" does not in all cases include bodies politic and corporate. It is applicable to political bodies and corporations only where it is reasonable so to apply it. Our cases illustrate this distinction.

In *Hall* v. *Commonwealth*, 188 Va. 72, 49 S.E.2d 369, the defendant, a minister of Jehovah's Witnesses, was distributing literature of his church in a large apartment building in the City of Richmond after being forbidden to do so. He was convicted and fined for trespass under § 4480-a of the 1942 Code, now, as amended, § 18.1-173, 1960 Repl. Vol. 4 of 1950 Code, which provided that if any person without authority of law goes or remains "upon the lands or premises of another," after being forbidden, he is guilty of a misdemeanor and subject to a fine. Defendant claimed a right to preach in public places and on the streets and sidewalks and in apartments. We said:

"\* \* The statute does not restrain the accused in any of his activities in the exercise of his religious beliefs; he may go from house to house distributing his pamphlets on the streets, sidewalks, or any other public place without violating any provisions of the statute. The only purpose of this law is to protect the rights of the owners or those in lawful control of private property. \* \*" 188 Va. at 76-7, 49 S.E.2d at 371.

Again in *Randolph* v. *Commonwealth*, 202 Va. 661, 119 S.E.2d 817, defendant was refused service at a restaurant operated by Thalhimer Brothers, Incorporated, in its store in the City of Richmond and he refused to leave the store after being ordered to do so. He was convicted of violating § 18.1-173, *supra* (then Code § 18-225). In affirming the conviction we said that this statute forbids any person without authority of law "to go upon or remain upon the lands or premises of another," and we repeated the statement in *Hall, supra,* that " 'The only purpose of this law is to protect the rights of the owners or those in lawful control of private property.' " 202 Va. at 664, 119 S.E.2d at 819.

In *Hanbury, supra,* the prosecution was under § 18.1-96 for forgery "to the prejudice of another's right." It was the City of Lynchburg whose right had been prejudiced by the stealing of its money by means of a forgery. It was clearly within the intent and purpose of § 1-13.19 of the Code to make the forgery statute in such a case applicable to the city, the "person" whose right had been violated. Forgery is a form of stealing, a *malum in se,* essentially criminal, and universally known to be a wrong without being made so by statute.

In contrast, § 18.1-365, which defendant Price was convicted of violating, involved an offense of a different nature. It concerned an act made a crime only by statute, a *malum prohibitum.*

If by a strict construction of the statute, § 18.1-365, which is required, the act of defendant Price was not clearly forbidden by its terms, then Price has not committed the crime for which he has been convicted.

This statute, § 18.1-365, made it unlawful to place "on the property of another" a burning cross without the written permission "of the owner or occupier of the premises." This is not language that the average person would consider to be applicable to the sidewalks of a city. The words "property of another" in this context would reasonably mean property of another individual, and the word "premises" ordinarily does not refer to city streets. It is only by inserting into the statute the permissive provision of § 1-13.19, *supra,* that this defendant may properly be convicted. The average person would not think that he was committing a felony by doing an act which would be entirely legal if done with the permission of the owner or occupier of the premises affected. He would have to know that under another and different statute the words "property of another" in the statute under which he was indicted included property of a city.

In *McKay v. Commonwealth,* 137 Va. 826, at 830, 120 S. E. 138, at 139, this court said that a penal statute cannot be extended by implication or construction, and

"To constitute the offense the act must be both within the letter and spirit of the statute defining it. Those who contend that a penalty is imposed must show that the words of the act distinctly cover the case. No conviction can be had if the words are merely equally capable of a construction that would, and one that would not, inflict the penalty.

"If a penal statute be so ambiguous as to leave reasonable doubt of its meaning, it is the duty of the court to refuse to impose the penalty. * *"

■ Both the history and the wording of § 18.1-365 make it doubtful that it was intended to apply to city streets and sidewalks. In its orginial enactment in 1952 its companion sections, as referred to above, specifically were made applicable to public places, while the paragraph now designated as § 18.1-365 was not, but used language that may well be interpreted to mean what it is customarily taken to mean, i.e., individual persons.[1]

We hold that the act of burning a cross on a sidewalk in the City of Richmond did not violate § 18.1-365 of the Code as then written. We therefore reverse the judgment below and dismiss the case.

*Reversed and dismissed.*

CARRICO and GORDON, JJ., dissenting

We interpret "property of another", as used in Code § 18.1-365, to include public as well as private property. In our opinion, such interpretation is dictated by *Hanbury* v. *Commonwealth*, 203 Va. 182, 122 S.E.2d 911, and is not inconsistent with the rule of strict construction or the holdings and dicta in *Randolph* v. *Commonwealth*, 202 Va. 661, 119 S.E.2d 817, and *Hall* v. *Commonwealth*, 188 Va. 72, 49 S.E.2d 369.

---

[1] The General Assembly in 1968 amended § 18.1-365 to make it read now as follows:
"It shall be unlawful for any person or persons to place or cause to be placed on the property of another *or on public property* a burning or a flaming cross, *with the intention of intimidating any person, group, or group of persons*, or any manner of exhibit in which a burning or flaming cross, real or simulated, is a whole or a part, without first obtaining written permission of the owner or occupier of the premises so to do.

"*The unlawful burning of a cross shall be prima facie evidence of the intention to intimidate a person or group of persons.*" Acts 1968, ch. 350, p. 450.
The italicized words show the changes.