## CIRCUIT COURT OF FREDERICK COUNTY

Commonwealth of Virginia

   v.

Gary Lynn Mowery

August 7, 1969

By JUDGE ROBERT K. WOLTZ

The defendant was charged that he did "unlawfully operate a motor vehicle over public highway in a reckless manner (Racing)," was convicted in the Frederick County Court, appealed and was tried by jury which found him guilty and fixed his punishment at a fine of $100. The defendant now moves to set aside the verdict as contrary to the law and the evidence.

The charge is founded on Sec. 46.1-191 of the Code which is one of the several sections dealing with reckless driving both generally and in specific instances, the pertinent part of the section reading "Any person who shall engage in a race between two or more motor vehicles on the highways of this State shall be guilty of reckless driving."

The evidence is relatively simple. The state police officer who swore out the warrant first observed two automobiles possibly three miles south of Stephens City, one behind the other, traveling north on U. S. Route # 11 and gave chase. The two vehicles proceeded to Stephens City turning east on State Route # 277, proceeded a short distance to Interstate Route # 81, where they proceeded south for a distance until stopped by the trooper and a Stephens City policeman who had joined the chase at

that town. During the total distance of approximately five miles the vehicles were traveling at an excessive rate of speed, sometimes at extremely high rates, and while under observation by the two officers were traveling tandem with the second car traveling very closely to the rear of the first. The second car was identified as that of the defendant. At no time was his car observed pulling abreast of or attempting to pass the first car.

To be guilty it was essential for the accused to "engage in a race between" motor vehicles on the public highways. This immediately excludes any definition of race meaning to travel hurriedly, such as to "race to the door." Moreover, if only the element of speed were necessary, then this statute would be superfluous as the speeding statutes would be adequate sanction. The quoted phrase from the statute indicates that before one can be guilty he must consciously and intentionally participate competitively in his motor vehicle against one or more other motor vehicles in a contest of speed, a race in common parlance encompassing both the concept of competition or a contest and the element of speed--in fact, a competitive effort to *out-speed* another or others.

The evidence of the officers (the defendant neither took the stand nor introduced testimony in his own behalf) shows that over a distance of approximately five miles on three different highways the defendant followed very closely but always immediately behind the other vehicle, never pulling out as though to pass, never pulling abreast or going ahead, and never apparently materially changing the distance between his car and the lead car.

The law allows reasonable inferences to be drawn from proven facts, in this case admitted facts. There was speed, even excessive speed, of two vehicles; there might even be inferred a competition or some sort of contest; and there might even be the possibility of an inference that one vehicle was endeavoring to out-speed the other. But from the facts the inference is just as strong if not stronger that the vehicles were merely endeavoring to maintain the same or approximately the same speed. This latter interpretation is not the usual and ordinary of "engage in a race between." In the words of the routine criminal instruction, if the circumstances are susceptible of two or more interpretations any one

of which points to the innocence of the defendant, that interpretation pointing to innocence must be accepted.

Penal statutes must always be construed strictly and against the State; they are not to be extended by implication; they cannot be extended to cases not clearly described by their language; and "an accused is as much entitled 'to the benefit of a reasonable doubt about the law as about the facts'," *Price v. Commonwealth*, 209 Va. 383 (1968), and cases therein cited. In view of all this and the facts of the case, though what the accused did may have been grossly foolish and highly dangerous to himself and others using the highway, his activities did not bring him beyond a reasonable doubt within the strictures of and subject to the penalties of the statute.

For the foregoing reasons the motion to set aside the verdict is sustained, and judgment will be entered in favor of the defendant.