BENTON, J.,
dissenting.
A judge convicted Alvin Kurt Williams of violating the following statute when he signed a voter registration form at the Department of Motor Vehicles:
Any willfully false material statement or entry made by any person in any statement, form, or report required by this title shall constitute the crime of election fraud and be punishable as a Class 5 felony. Any preprinted statement, *8 form, or report shall include a statement of such unlawful conduct and the penalty provided in this section.
Code § 24.2-1016. Fully defining the offense, this statute requires the preprinted voter registration form to give notice of the offense and the penalty.
‘“Where the legislature has used words of a plain and definite import the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed.’ ” Tazewell County Sch. Bd. v. Brown, 267 Va. 150, 162, 591 S.E.2d 671, 676-77 (2004) (citation omitted). Moreover, the principle is well established that when a penal statute contains a notice requirement, “the notice requirement of the statute [is] a material element of the offense charged.” Jimenez v. Commonwealth, 241 Va. 244, 251, 402 S.E.2d 678, 681 (1991). “Further, before an accused can be punished, ‘his case must be plainly and unmistakably within the statute.’ ” Harward v. Commonwealth, 229 Va. 363, 365, 330 S.E.2d 89, 90 (1985) (citation omitted).
By putting this notice requirement within the text of the penal statute, “it [is] clear that the General Assembly meant what it said.” Jimenez, 241 Va. at 251, 402 S.E.2d at 681.[3] If any doubt arises about why the General Assembly used two sentences rather than one unwieldy sentence when defining the offense, that doubt must be resolved by strictly construing the statute.
*9 Penal statutes are to be strictly construed against the Commonwealth and in favor of the citizen’s liberty. Cox v. Commonwealth, 220 Va. 22, 25, 255 S.E.2d 462, 464 (1979). Such statutes may not be extended by implication; they must be applied to cases clearly described by the language used. Price v. Commonwealth, 209 Va. 383, 385-86, 164 S.E.2d 676, 678 (1968). And the accused is entitled to the benefit of any reasonable doubt about the construction of a penal statute. Enoch v. Commonwealth, 141 Va. 411, 436, 126 S.E. 222, 230 (1925).
Martin v. Commonwealth, 224 Va. 298, 300-01, 295 S.E.2d 890, 892 (1982).
The record contains no proof that the voter registration form on which Williams made his statement contained the notice required by Code § 24.2-1016. Therefore, I would reverse the conviction and dismiss the indictment.

. No doubt the General Assembly was aware that the various states have a wide diversity of laws governing whether, and to what extent, persons are disenfranchised from voting, see Richardson v. Ramirez, 418 U.S. 24, 85, n. 28, 94 S.Ct. 2655, 2686, n. 28, 41 L.Ed.2d 551 (1974) (Marshall, J., dissenting) (listing by state various laws that do not disenfranchise former felons), and further was aware that the "Motor-Voter” law, which provides for voter registration in various nontraditional and less formalistic forums, permits registration of persons moving into Virginia from those other states. Upon changing a residence to Virginia, a person from another state where felons may vote might conclude that the answer to the question "have you ever been convicted of a felony” on a voter registration application would be wholly immaterial to the process of registering to vote.